THALHOFER, Appellant, vs. PATRI and others, Respondents.

*March 13—May 5, 1942.*

*Lloyd D. Mitchell* of Oshkosh, for the appellant.

*Harry E. Meyer,* city attorney of Oshkosh, for the respondents.

ROSENBERRY, C. J. It is difficult to ascertain from the appellant's brief the precise question involved in this case. There is no synopsis of argument as required by the rules. The assignment of errors is merely to the effect that the trial court erred in affirming the action of the board of appeals, but it appears from the conclusions at the end of the brief that the appellant makes the following contentions:

"(1) That the remodeling of the Awe single-family dwelling into a three-family apartment was in violation of the ordinance on account of the area regulations.

"(2) That the building of the porch or stoop within three inches of appellant's lot line was a further violation of the area and side-yard regulations.

"(3) That the board of appeals and the building inspector exceeded their authority and that the court erred in affirming the action of the building inspector and the board of appeals."

Section 5.1 (3) of the zoning ordinance provides:

"No building shall be erected, nor shall the exterior of any building be altered, enlarged, or rebuilt, nor shall any open spaces surrounding a building be encroached upon or reduced in any manner, except in conformity with the area regulations herein established for the district in which such building is located."

The situation can be best described in connection with the accompanying photograph of the premises, Exhibit M.

It is claimed by the plaintiff that the steps and landing disclosed are a violation of the area regulations of the ordinance. Section 5.12 (j) of the ordinance provides:

"Every part of a required yard shall be open from its lowest point to the sky unobstructed. . . ."

It is the contention of the plaintiff that by permitting the erection and maintenance of the stoop this provision of the ordinance is violated. The respondent justifies its determination by reference to an amendment to section 5.2 of the zoning ordinance by adding to the classification of uses set forth in said section the following use, to wit, "Multiple dwellings not to exceed five-family dwellings." To understand the nature of the controversy it is necessary to explain the purpose of this amendment. It appears that there were in the city of Oshkosh a considerable number of large residence buildings theretofore designed and used as single-family units; that there existed no rental demand for such buildings which had been unproductive, but such buildings could be economically altered so as to be available to tenants as modern, desirable apartments; that in order to permit the utilization of such buildings the amendment was adopted in response to a public demand. Under the rules set up by the industrial commission in remodeling the Awe building into a three-apartment dwelling, it was necessary to provide for a door from the kitchen to open on the flat-deck porch stoop, and it was in compliance with such requirement that the stoop steps and walk were constructed pursuant to the authorization of the building inspector. Plaintiff in reply to this contention claims that it was beyond the power of the board of appeals to modify the restriction contained in the building ordinance to this extent. By the zoning ordinance the board of appeals is authorized to take the following action:

"Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance the board of appeals shall have the power in a specific

case to vary or modify any of these rules, regulations or provisions relating to the construction, structural changes in, equipment or alteration of buildings or structures, in harmony with their fundamental purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

The board of appeals in its return said:

"That said board carefully considered all of the statements made by the parties interested and the facts involved in this matter, and decided that the steps built onto the south side of the Awe property and the enlargement of a window into a doorway at the top of the steps and the laying of a narrow cement sidewalk easterly from the steps around the east side of the house did not constitute exterior alterations or enlargement of the building, as these terms are used in the ordinance, because structurally there were no changes made in the exterior of the building. . . . The board decided that if it were permitting a variation of the application of use and area regulations established in said ordinance, such permission was in harmony with the general purpose and intent of the zoning ordinance, and that the changes for which a building permit had been granted by the building inspector worked no hardship or practical difficulty on the complainant, plaintiff herein. . . . Nothing in the alterations permitted has changed either the shape or the size of the Awe property. . . . There are approximately twenty feet and more separating these two houses, and, even at the point where the steps have been attached to the Awe house, the distance between the south line of the steps and the north line of the plaintiff's house is in excess of sixteen feet."

Plaintiff contends that the board in thus approving the action of the building inspector acted beyond and in excess of its power for the reason that it amounts to a substantial amendment of the ordinance. Plaintiff relies almost entirely upon *State ex rel. Tingley v. Gurda* (1932), 209 Wis. 63, 67, 243 N. W. 317, and more particularly upon the following language quoted from the opinion in that case:

"However, if it be assumed that by this provision it was intended to confer upon the board of appeals power to waive

exact compliance with some detail of the ordinance, it would hardly go to the extent of authorizing the board to work substantial amendments to the ordinance, or to ignore it altogether, or to accomplish its repeal."

It appears clearly to us, as was held by the trial court, that the action of the board of appeals in this case amounted to no more than waiving exact compliance with the details of the ordinance. It is considered that the action of the board was fully authorized by the ordinance, and that the ordinance did not unlawfully delegate power to the board of appeals.

Provisions in statutes and ordinances authorizing slight variations in the application of zoning laws are common, and have generally been upheld as against the contention that such a provision is an unlawful delegation of legislative power. This case is so plainly within the limitation set down in those cases where such authority has been upheld that we do not find it necessary to enter upon an analysis of the cases. See *Gorieb v. Fox* (1927), 274 U. S. 603, 47 Sup. Ct. 675, 71 L. Ed. 1228, 86 A. L. R. 675, note, "Validity—as an unlawful delegation of legislative power. . . ." Same subject, 117 A. L. R. 1135, and cases cited.

*By the Court.*—Judgment affirmed.