STATE EX REL. MARKDALE CORPORATION and another, Appellants, v. BOARD OF APPEALS OF CITY OF MILWAUKEE, Defendant and Respondent: CITIES SERVICE OIL COMPANY, Intervened Defendant and Respondent.*

*March 2—March 30, 1965.*

* Motion for rehearing denied, with costs, on June 1, 1965.

156

For the appellants there were briefs by *Grootemaat, Cook & Franke,* attorneys, and *John J. Ottusch* of counsel, all of Milwaukee, and oral argument by *Mr. Ottusch.*

For the respondent Board of Appeals of the city of Milwaukee there was a brief by *John J. Fleming,* city attorney, and *Cornelius J. Merten,* assistant city attorney, and oral argument by *Mr. Merten.*

For the respondent Cities Service Oil Company there was a brief by *Hanley, Wedemeyer & Cavanaugh,* attorneys, and *John M. Hanley* and *Robert F. Cavanaugh* of counsel, all of Milwaukee, and oral argument by *Robert F. Cavanaugh.*

CURRIE, C. J.   While other issues are raised in the briefs, we deem the following two are determinative of this appeal:

(1) Does self-created hardship afford a sufficient statutory basis for a board of zoning appeals granting a variance?

(2) Do the facts in the instant case establish beyond dispute that the hardship relied upon for the variance was self-created?

Sec. 62.23 (7) (e) 7, Stats., provides in part as follows:

"The board of appeals shall have the following powers: . . . to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in practical difficulty or unnecessary hardship, so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done."

Provisions similar to the above are common in zoning statutes and ordinances. *Deardorf v. Board of Adjustment, etc.* (1962), 254 Iowa 380, 384, 118 N. W. (2d) 78; Anno. 58 A. L. R. (2d) 1083, 1102, III A. sec. 6 and footnote 21. Apparently this court has not previously been called upon to pass on the issue of whether the "hardship" referred to in this statute can embrace one which is self-created.[1]  How-

---

[1] The parties have cited *State ex rel. Tingley v. Gurda* (1932), 209 Wis. 63, 243 N. W. 317, and *Thalhofer v. Patri* (1942), 240 Wis. 404, 3 N. W. (2d) 761. Neither are in point on the issue here under consideration. However, a statement is made at page 67 of the *Tingley Case* opinion which casts doubt upon the power of the board to grant a variance which changes the use classification of the south 60 feet of Cities Service's premises even if this were not a case of self-created hardship.

ever, the authorities are practically unanimous to the effect that a hardship which has been self-created by the act of the property owner does not qualify as a hardship from which a board of appeals can grant relief by granting a variance. *Booe v. Zoning Board of Appeals* (1964), 151 Conn. 681, 202 Atl. (2d) 245; *Misuk v. Zoning Board of Appeals* (1952), 138 Conn. 477, 86 Atl. (2d) 180; *Board of Zoning Appeals v. Waskelo* (1960), 240 Ind. 594, 168 N. E. (2d) 72; *Selligman v. Von Allmen Brothers* (1944), 297 Ky. 121, 179 S. W. (2d) 207; *Newcomb v. Teske* (1948), 225 Minn. 223, 30 N. W. (2d) 354; *Doull v. Wohlschlager* (1963), 141 Mont. 354, 377 Pac. (2d) 758; *Leimann v. Board of Adjustment* (1952), 9 N. J. 336, 88 Atl. (2d) 337; *In re Pierce's Appeal.* (Okla. 1959), 347 Pac. (2d) 790; *Kovacs v. Ross Township Board of Adjustment* (1953), 173 Pa. Super. 66, 95 Atl. (2d) 350, cited with approval in *Riccardi v. Plymouth Township Board of Adjustment* (1958), 393 Pa. 337, 142 Atl. (2d) 289; 2 Rathkopf, Law of Zoning and Planning, sec. 48–1; 1 Yokley, Zoning Law and Practice, p. 334, sec. 137; 58 Am. Jur., Zoning, p. 1053, sec. 208; 101 C. J. S., Zoning, p. 1072, sec. 292; Anno. 168 A. L. R. 13, 33, II, b, 2 (d).

The rationale for this rule has been stated by one authority as follows:

"But the courts have likewise been emphatic in saying that the hardship must be one of necessary character. Under the ancient but well founded equitable maxim that no one should be allowed to take advantage of his own wrongdoing, the courts have uniformly held that where the hardship was created by the applicant's own acts, he is not entitled to relief. He has no right to ask the appeal board to pull his chestnuts out of the fire." 1 Yokley, Zoning Law and Practice, p. 334, sec. 137.

This may be stating the reason for the rule too narrowly since self-created hardship which will bar the granting of a

variance may consist of affirmative action in ignorance of existing zoning restrictions or upon a misinterpretation thereof.

The hardship here arises from the present position of the auto-laundry building with its south wall but one foot removed from the north line of the south 60 feet of the premises which are zoned as a parking district. This building was erected by Cities Service in violation of law in that no valid building permit was ever issued for its construction. The building permit which was issued February 2, 1961, was contested by appeal to the board, and eventually held invalid. In spite of such pending appeal Cities Service proceeded with construction. In so doing it took whatever chances would result if the appeal were decided adversely to its agent or joint venturer, Modern Car Wash. We pointed out in the prior appeal of *State ex rel. Cities Service Oil Co. v. Board of Appeals* (1963), 21 Wis. (2d) 516, 531, 124 N. W. (2d) 809, that once Cities Service received notice of the appeal it proceeded at its peril in incurring expenditures in reliance on the permit.

The Connecticut case of *Misuk v. Zoning Board of Appeals, supra,* is directly in point. There the property owners started construction without a required building permit. They then obtained a variance from the board of appeals, and continued with construction in reckless disregard of an appeal from the variance. The court held that the variance could not be sustained on the ground of hardship because the hardship was occasioned solely by the property owners' reckless conduct. See also, *Appeal of Julian* (1960), 53 Del. 175, 167 Atl. (2d) 21; *Wilkins v. San Bernardino* (1946), 29 Cal. (2d) 332, 175 Pac. (2d) 542.

The only excuse advanced by Cities Service for the starting and completing of construction of the building was that the building permit of February 2, 1961, was not effective if construction was not commenced within six months from

date of issue. Such an excuse is so lacking in merit that it does not warrant comment.

Cities Service. also points out that on April 28, 1961, while the appeal from the building permit was pending, the zoning ordinance was amended so as to only prohibit from a local-business-use district an automobile laundry which employed a mechanical conveyor system. Thus, when Cities Service abandoned the contemplated installation of a conveyor system, the building as actually completed did not violate the ordinance. Nevertheless, the building had been erected in violation of law because no valid building permit had been procured.

Furthermore, Cities Service had at least constructive notice as early as August 1, 1961, that the south 60 feet of their premises could not be used as part of the auto-laundry operation. A written brief was then served on counsel for Modern Car Wash in the appeal pending before the board from the building permit which stated :

"Examination of the exhibits and the testimony of witness Berggren discloses that they [Modern Car Wash] intend to have cars proceed throughout the entire southerly 60 ft. of said premises as an integral part of their car washing operation. In fact, they admitted the only way in which cars can get into the car washing building and be hooked up to the track and pulled through the car wash building is by traversing the southerly 60 ft. of the premises.

"This ordinance prohibits any use other than parking in these south 60 ft. Respondents do not contemplate parking in this area but intend to make use of this south 60 ft. as an integral part of their car wash operation. The ordinance cited allows only parking of private non-commercial vehicles in said southerly 60 ft. What Respondents intend to do cannot by any stretch of the imagination be called parking in this area. There is no dispute on these facts or the ordinance."

On the prior appeal in *State ex rel. Cities Service Oil Co. v. Board of Appeals, supra,* at page 533, we held that, with

respect to all proceedings relating to the February 2, 1961, building permit, a relationship of agency or joint venture existed between Cities Service and Modern Car Wash. Thus notice to Modern Car Wash was notice to Cities Service. However, it is entirely immaterial whether Cities Service was entirely ignorant of the fact that its contemplated use of the south 60 feet of its premises to route cars into the auto laundry would constitute a zoning-ordinance violation. It was chargeable with knowledge of the provisions of the ordinance. The hardship to support a variance cannot arise from a condition which Cities Service created in ignorance of zoning regulations. *In re Pierce's Appeal, supra; Sherwood Realty Corp. v. Feriola* (1948), 193 Misc. 194, 82 N. Y. Supp. (2d) 505; *Dolan v. De Capua* (1954), 16 N. J. 599, 109 Atl. (2d) 615.

As the Connecticut court stated in the recent case of *Booe v. Zoning Board of Appeals, supra* (202 Atl. (2d) at p. 246) :

"We have repeatedly held that the hardship which justifies a board of appeals in granting a variance must be one which originates in the zoning ordinance. When the claimed hardship arises because of the actions of the applicant, the board is without power to grant a variance."

In the instant case, prior to the erection of the auto-laundry building, the zoning ordinance imposed no hardship upon Cities Service. It was enabled under the ordinance to operate a filling station on the north 150 feet of the premises and a parking lot on the south 60 feet.[2]

A note entitled, "Zoning Variances," 74 Harvard Law Review (1961), 1396, 1401, suggests the following defini-

---

[2] New York holds that as one of the conditions for a board of appeals granting a variance because of "undue hardship" the record must show that the land cannot yield a reasonable return if used only for a purpose allowed in the use district in which it is zoned. *Otto v. Steinhilber* (1939), 282 N. Y. 71, 24 N. E. (2d) 851.

tion of "unnecessary hardship" as used in zoning statutes and ordinances with respect to the power of appeal boards to grant variances:

"Since the main purpose of allowing variances is to prevent land from being rendered useless, 'unnecessary hardship' can best be defined as a situation where in the absence of a variance no feasible use can be made of the land."

The hardship claimed here does not arise because the zoning of the south 60 feet has prevented its use for any profitable purpose. It is solely due to Cities Service having erected a building which cannot be used advantageously as an auto laundry since, as located, the south 60 feet of the premises will be required to be used as an integral part of the car-laundry operation.

For the reasons stated, we determine that the evidence establishes beyond dispute that the hardship relied upon for granting the variance was self-created. Therefore, under the cited authorities it was beyond the power of the board to grant the variance because of hardship.

*By the Court.*—Judgment reversed with directions to enter a judgment reversing the decision of defendant Board of Appeals.