FRANKLIN J. SCHMIEDER, District Attorney, Calumet County
You have asked whether a person who has proceeded to construct a building without a building permit and, further, has failed to comply with setback line zoning provisions may now apply to the board of adjustment for a variance.
In the factual circumstances presented by this inquiry, such a person is not normally prohibited from seeking relief; however, the circumstances may preclude the board of appeals from granting a variance.
Section 59.99 (7) (a) and (c), Stats., provide that the county zoning board of adjustment shall have the power:
"(a) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of section 59.97 or of any ordinance adopted pursuant thereto.
* * *
"(c) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." *Page 112 
The powers granted to the board are virtually the same as those which exist under zoning statutes which relate to cities. Section62.23 (7) (e) 7, Stats.
The question as to whether a self-created hardship affords a basis for the board of zoning appeals to grant a variance under sec. 62.23 (7), Stats., has been considered by the Wisconsin Supreme Court in State ex rel. Markdale Corp. v. Bd. of Appeals
(1965), 27 Wis.2d 154, 133 N.W.2d 795. A simplification of the facts in that decision show that a building was constructed by Cities Service in violation of zoning ordinances in that no valid building permit was ever issued for its construction. After the building was completed, Cities Service applied to the board of appeals for a variance to permit drive-through access to the building in an area zoned as a parking district. The board of appeals granted the variance and an appeal was taken from that decision. The Supreme Court, noting that the issue before them was one of first impression, pointed out the settled nature of the rule among other legal authorities.
"* * * However, the authorities are practically unanimous to the effect that a hardship which has been self-created by the act of the property owner does not qualify as a hardship from which a board of appeals can grant relief by granting a variance." (Citations omitted.) Markdale Corp. supra, at p. 158-159.
The Wisconsin Supreme Court, in approving the majority rule, cited the Connecticut case of Misuk v. Zoning Board of Appeals
(1952), 138 Conn. 477, 86 A.2d 180, as being directly on point. In that decision, the property owners started construction without a required building permit. They then obtained a variance from the board of appeals and continued with construction in disregard of an appeal from the variance. The Connecticut court held that the variance could not be sustained on the ground of hardship because the hardship was occasioned solely by the property owners' reckless conduct. See also Application of Julian
(1960), 53 Del. 175, 167 A.2d 21.
In passing on the case before it, our Supreme Court said, at page 163:
"For the reasons stated, we determine that the evidence establishes beyond dispute that the hardship relied upon for *Page 113 
granting the variance was self-created. Therefore, under the cited authorities it was beyond the power of the board to grant the variance because of hardship."
Thus, it follows that a person who proceeds in violation of applicable zoning regulations in reckless disregard for the law may have to accept whatever results the law prescribes.
However, Markdale Corp. v. Bd. of Appeals, supra, does not preclude the granting of a variance on grounds of hardship. Indeed, such a result would be contrary to the expressed legislative grant in sec. 59.99 (7) (c), Stats. The court in discussing when relief may be granted for hardship quoted approvingly from Booe v. Zoning Board of Appeals (1964),151 Conn. 681, 202 A.2d 245, 246, at page 162:
"`We have repeatedly held that the hardship which justifies a board of appeals in granting a variance must be one which originates in the zoning ordinance. * * *'"
Moreover, the court in considering the power of appeal boards to grant variances approved a definition of "unnecessary hardship" appearing in 74 Harvard L. Rev. (1961), 1396, 1401, in a note entitled "Zoning Variances":
"Since the main purpose of allowing variances is to prevent land from being rendered useless, `unnecessary hardship' can best be defined as a situation where in the absence of a variance no feasible use can be made of the land." Markdale Corp., supra, at page 163.
The fact that a property owner may have violated a provision of a zoning ordinance does not oust the board of appeals from its jurisdiction to determine whether an alleged hardship is an "unnecessary hardship" within the meaning of sec. 59.99 (7) (c), Stats. Since the board of adjustment is authorized by sec. 59.99 (7). Stats., to make findings and determinations on such matters in an appropriate case, denial of a proper and timely appeal or request for a hearing on such a matter, even by one apparently in reckless disregard of zoning regulations, might constitute a denial of due process. However, as previously pointed out, if the hardship itself is self-created in the sense that it arises solely because of the failure of the party to comply with the law, such hardship forms no valid basis for the board to grant relief. Of course, whether a particular decision *Page 114 
actually did in fact lack any valid foundation, for the reasons herein discussed, would be for the courts upon review, under the provisions of sec. 59.99 (10) (11) (12) and (13), Stats.
RWW:JCM