JANET L. PODMERS, Plaintiff-Appellee, *v.* THE VILLAGE OF WINFIELD, Defendant-Appellant.

Second District (1st Division)    No. 75-138

Opinion filed June 24, 1976.

D. Kendall Griffith, Donald W. Garlinger, and Stanley J. Davidson, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Wheaton, for appellant.

John M. Mulherin, of Wylie & Mulherin, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Plaintiff herein brought this declaratory judgment action seeking a declaration that the Village of Winfield's zoning ordinance was unconstitutional as it applied to her property. The sole issue involved is whether the trial judge erred in finding the Winfield zoning ordinance was unconstitutional as it applied to plaintiff's property.

The property in question was zoned in R-1 Single Family Residence and the provisions of the Winfield zoning ordinance provide for a minimum lot width of 85 feet and for a minimum lot area of 13,000 square feet.

There is no argument but that the plaintiff owned a parcel of land containing more than a 200-foot frontage after the effective date of the ordinance and that when she conveyed out the northerly portion of her lot she retained only a 75-foot frontage. The Village of Winfield contends that she is prohibited from challenging the ordinance on the basis of hardship when she, in fact, created the hardship by her own act of conveying away a portion of her lot leaving a frontage on the remaining lot of less than the ordinance requires.

There is no question about the lot in question meeting the ordinance's minimum area requirement of 13,000 square feet as the lot, in fact has an area of approximately 22,000 square feet. As indicated above, the sole issue relates to the constitutionality of the 85-foot frontage requirement contained in the zoning ordinance of the Village of Winfield. It is also to be noted that at the time of the sale by Mrs. Podmers of that portion of the lot except the southerly 75 feet, there was no survey made. Also, the record is unclear as to the exact dimensions of the property originally owned by Mrs. Podmers. Originally the plaintiff owned all of Lot 78 except the north 85.6 feet. The plat of survey introduced into evidence discloses that Lot 78 has a frontage of 305.6 feet on Summit Street. Subtracting the north 85.6 feet, this leaves a lot dimension on Summit Street of 220 feet. Subtracting the south 75 feet from this figure would leave a frontage of 145 feet on Summit Street. However, the plaintiff testified that she sold "about 120 feet" on Summit Street. The difficulty in determining the amount sold by the plaintiff is further compounded by the fact that apparently the deed wherein Mrs. Podmers conveyed a portion of the whole owned by her described the land conveyed as:

"Lot 78, except the north 85.6 feet thereof, and except the south 75.0 feet thereof, in Winfield Farms * * *."

It is, therefore, impossible for this court, from the record submitted to us, to determine the actual frontage of that portion of the lot sold by Mrs. Podmers, retaining the south 75 feet of Lot 78.

The first contention of the Village of Winfield is that, any hardship which the appellee may have suffered was self-imposed by her actions in

selling off the property as indicated above and retaining only 75 feet and that she can, therefore, not challenge the constitutionality of the zoning ordinance. The provisions of the Village of Winfield ordinance, as found in E. *VARIATIONS*, 5. *Standards*, b(4) specifically provides, with reference to standards for granting a variation:

> "that the alleged difficulty or hardship has not been created by any person presently having an interest in the property; * * *."

At the outset it is to be noted that the Village of Winfield's zoning ordinance was enacted in 1962. The record does not disclose when Mrs. Podmers acquired the property in question nor does the record disclose when she sold that portion of the lot, retaining only the south 75 feet thereof nor does the record disclose that Mrs. Podmers did not know of the 85-foot frontage requirement.

Several cases have been cited by the Village of Winfield relative to the sale of a portion of premises wherein the owner retained a less than buildable lot under pertinent zoning restrictions. Most of these cases deal with the situation where it was clear that the owner knew factually of the restrictions in the zoning ordinance. In *Weber v. Village of Skokie* (1968), 92 Ill. App. 2d 355, 235 N.E.2d 406, plaintiffs therein purchased three lots and subsequently conveyed out two, retaining the third lot which failed to meet the minimum lot size requirement of the Skokie zoning ordinance. The court, in finding the zoning ordinance constitutional as applied to the plaintiff's property therein, held that,

> "Any financial disadvantage resulting to the Webers was due to their failure to convey all three lots as one parcel." (*Klehr v. Zoning Board of Appeals* (1974), 24 Ill. App. 3d 512, 516, 320 N.E.2d 498, 501.)

In *Szeliga v. City of Des Plaines* (1972), 4 Ill. App. 3d 257, 260, 280 N.E.2d 767, 770, the plaintiff contended that the zoning ordinance restrictions of the City of Des Plaines were unconstitutional as applied to his 40-foot lot where the zoning ordinance required a 55-foot frontage. The court, recognizing that the owner of the property had been engaged in the purchase and sale of real estate, stated:

> "* * * plaintiff's assertions of hardship are substantially undermined by his admitted failure to determine the pertinent zoning restrictions before purchasing the subject lot."

In *State ex rel. Markdale Corp. v. Board of Appeals* (1965), 27 Wis. 2d 154, 133 N.W.2d 795, the court therein stated:

> "However, it is entirely immaterial whether Cities Service was entirely ignorant of the fact that its contemplated use of the south 60 feet of its premises to route cars into the auto laundry would constitute a zoning ordinance violation. It was chargeable with knowledge of the provisions of the ordinance. The hardship to

support a variance cannot arise from a condition which Cities Service created in ignorance of zoning regulations. [Citations.]" (27 Wis. 2d 154, 162, 133 N.W.2d 795, 798.)

In *Klehr v. Zoning Board of Appeals* (1974), 24 Ill. App. 3d 512, 320 N.E.2d 498, we find a situation almost identical to that which is presented herein. In that case, the owner sold off a portion of their property and retained a portion which did not meet the frontage requirements of the zoning ordinance of the Village of Skokie. The appellate court sustained the trial court which had held that a 35-foot frontage requirement was constitutional, noting that:

"With knowledge of the zoning restrictions, the Klehrs retained their undersized lot at their own risk. As in the *Weber* case, we are inclined to believe that any financial disadvantage which might accrue to the plaintiff is self-imposed." 24 Ill. App. 3d 512, 517, 320 N.E.2d 498, 501.

The question then presented squarely to us is whether the owner of the property in the Village of Winfield is chargeable with knowledge of the zoning restrictions of that Village? As stated above, the instant record is silent as to whether or not Mrs. Podmers factually knew the dimension required under the zoning ordinance as to that portion of the premises retained by her. While the above cases cited, with the exception of the Wisconsin case, deal with parties who were, or perhaps should be, more knowledgeable than the plaintiff herein, we find they are controlling. To hold otherwise would place a premium on ignorance of zoning restriction in a property owner's attempt to secure a variance. We do not believe that her actual knowledge is of any consequence, as a lot owner is presumed to know or should avail himself of the knowledge of the zoning restrictions in such a situation as we are now confronted with. As stated in *City of Chicago v. Atkins* (1958), 19 Ill. App. 2d 177, 181-82, 153 N.E.2d 302, 304:

"In any event, City Ordinances are presumed to be known to the inhabitants of the city of parties having dealings with it."

Additionally:

"It is, of course, fundamental that everyone within the city is charged with constructive knowledge of its ordinances." (*DuMond v. City of Mattoon* (1965), 60 Ill. App. 2d 83, 87, 207 N.E.2d 320, 322.)

We, therefore, find that any hardship upon Mrs. Podmers was by her own doing.

We turn then to the question of whether or not the restrictions imposed upon plaintiff's property with relation to frontage requirements is unconstitutional. In reviewing the instant record, we find that Mrs. Podmers' expert witness testified that the granting of a variance would not have any depreciable effect upon the neighborhood. He further testified

that the property, as a buildable lot, would have a value of $12-15,000 if it had an 85-foot frontage; and with a 75-foot frontage, the value would be about $12,000. He further testified, however, that the value of the lot as an unbuildable lot would be $6-7,000.

■■ In *Grobman v. City of Des Plaines* (1975), 59 Ill. 2d 588, 592, 322 N.E.2d 443, the Supreme Court considered a factual situation where the area of the lot involved was 3,150 square feet and 25 feet in width. The zoning ordinance of the City of Des Plaines required a lot area of 6,875 square feet and a frontage of 55 feet in the area in question. The lot owner testified that he was not aware of the zoning ordinance when he obtained the deed to the property, although he was an attorney. In *Grobman* the court went on to hold that a zoning ordinance must be upheld if it bears any substantial relation to the public health, safety, comfort or welfare and, in quoting from *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428, 312 N.E.2d 625, 632, stated:

> "As stated in *Exchange National Bank of Chicago v. County of Cook*, 25 Ill. 2d 434, 439-40, 'It is always presumed, in an attack upon an ordinance, that the enactment is valid, and the burden of proving its invalidity falls upon the one who attacks the ordinance. [Citation.] Before a court will intervene it must be established by clear and convincing evidence that the ordinance, as applied to plaintiffs, is arbitrary and unreasonable and has no substantial relation to the public health, safety or welfare. These rules are based upon a recognition that zoning is primarily a legislative function, subject to court review only for the purpose of determining whether the power, as exercised, involves an undue invasion of private constitutional rights without a reasonable justification in relation to the public welfare. [Citations.] Where it appears, from all the facts, that room exists for a difference of opinion concerning the reasonableness of a classification, the legislative judgment must be conclusive. * * *' "

The court further stated that it had recognized minimum lot area limitations as being constitutional. The court observed that the plaintiff offered evidence that the ordinance deprived him of an opportunity to make a substantial profit but there was no showing that he need have an actual loss. In the case before us, as indicated above, plaintiff's witness testified that as an unbuildable lot the subject property would have a valuation of $6-7,000. As observed in *Grobman*, this lot would be worth more if the ordinance restriction were not effective but that would be true in almost all cases of restrictions on property.

■■ In *Reitman v. Village of River Forest* (1956), 9 Ill. 2d 448, 137 N.E.2d 801, the plaintiffs therein acquired a lot 42 feet wide and 185 feet deep. The Village of River Forest zoning ordinance provided that a

buildable lot should contain a minimum of one-fifth of an acre. The plaintiff's property was 11% less than the minimum one-fifth of an acre required. The Supreme Court held that this zoning ordinance requirement was not unreasonable or arbitrary as applied to the lot. We find that to be the situation in the case before us. We do not find that the zoning ordinance, which requires an 85-foot frontage in the area in question, is unreasonable, arbitrary or capricious. We further find that the plaintiff has failed to prove by clear and convincing evidence that the zoning ordinance as applied to her property is unconstitutional.

We, therefore, reverse the judgment of the trial court holding the Village of Winfield's ordinance unconstitutional as it applies to the plaintiff's property.

Judgment reversed.

SEIDENFELD and HALLETT, JJ., concur.