MORGAN *et al. v.* THOMÁS *et al.*

No. 17354. FEBRUARY 14, 1951. REHEARING DENIED MARCH 14, 1951.

*Sam F. Lowe Jr.,* and *John W. Nesbitt,* for plaintiff.

*Herbert Johnson, Henry M. Hatcher Jr.,* and *William L. Moore,* for defendants.

ALMAND, Justice. ■ In the enactment of the zoning ordinance and amendments thereto, the Board of Commissioners of Roads and Revenues of Fulton County is limited to the specific authority conferred by statute. *Barton* v. *Hardin,* 204 *Ga.* 108 (48 S. E. 2d, 882). Under the act of 1939 (Ga. L. 1939, p. 585), the Commissioners of Roads and Revenues of Fulton County have the sole power to enact a comprehensive zoning plan and adopt amendments thereto, rezoning or changing the zoning classifications under the comprehensive plan. In the exercise of such authority, the board is acting in a legislative capacity. Under this act (section 8), the board was authorized to appoint a Planning Commission, and one of the duties of this commission was the preparation of a comprehensive zoning plan for the county and, upon receipt of this plan, the Board of Commissioners could accept or reject the report, or they could adopt an entirely new plan. After the adoption of a comprehensive plan under the provisions of section 9, the same could be amended, changed, or modified by the Board of Commissioners in the following manner: "Said Planning Commission may submit to the county authorities of Fulton County, Georgia, any recommendation as to change. Said commission upon receipt of such a suggestion or report shall set a time (day and hour) for the hearing of said proposed change and give notice to the public thereof by publishing notices in the newspaper in said county in which the sheriff's advertisements are published once a week for at least three weeks. On the day and hour appointed the Commissioners of Roads and Revenues of Fulton County shall proceed to *hear and determine* the recommendation of said Planning Commission in this regard *and dispose of the same.*" (Italics

ours.) It is the contention of the plaintiffs that this provision of the act limits the Board of Commissioners to the power either to confirm or reject the report of the Planning Commission; and that, in refusing to approve the recommendation of the Planning Commission, the Board of Commissioners had no authority to go forward and rezone the property as requested by the defendants. To this contention we cannot agree. The petition of the defendants to rezone could only receive final action at the hands of the Board of Commissioners. Under the zoning statute and the rules adopted by the board, the petition for rezoning is filed with the Planning Commission, and after notice and a hearing the Planning Commission makes a recommendation to the Board of Commissioners. In such action the Planning Commission acts only as an advisory body, and its action is not judicial or legislative in character. The action of the Planning Commission is analogous to a committee of the General Assembly, to whom proposed amendments to existing statutes are referred for investigation, report, and recommendation. The legislative body charged with the final action in the enactment of amendments to existing laws is not bound by favorable or unfavorable reports of its committees, which act only in an advisory capacity. If under the facts of this case the Board of Commissioners were prohibited from exercising their independent judgment upon a proposed amendment to a zoning resolution, because the Planning Commission had not favorably recommended its passage, then there never would be any occasion for the commissioners to act on any proposed change to a zoning resolution, where the Planning Commission makes an unfavorable recommendation. It was not the intent of the General Assembly that the Planning Commission's action should be final. Though the Board of Commissioners may act on its own motion to amend an ordinance by a formal resolution setting a certain date for a hearing, there is nothing in the statute which prevents it from disregarding an adverse recommendation of the Planning Commission as to a proposed amendment, and thereupon granting the right to the petitioners to a rezoning of their properties. The application of the defendants in this case was to rezone their properties, and when the Board of Commissioners refused to follow the recommendation of its Planning Commission, it was the duty of the

board to act on the request to rezone. A rule of procedure of the Board of Commissioners which requires it to send a proposed amendment back to the Planning Commission for report applies where the board makes a modification in a change requested by the Planning Board, and does not apply where the recommendation of the Planning Commission is overruled as a whole. The action of the board in rezoning the properties of the defendants was not violative of the zoning ordinance. See, in this connection, State *ex rel.* Better Built Home & Mortgage Co. *v.* Davis, 302 Mo. 307 (259 S. W. 80).

■ The Fulton Board of Commissioners of Roads and Revenues, under constitutional and statutory authority, has the power to zone and restrict the use of property, and its exercise of such power will not be disturbed by the courts unless its action was clearly arbitrary and unreasonable. *Howden* v. *Mayor &c. of Savannah,* 172 *Ga.* 833 (159 S. E. 401); *Schofield* v. *Bishop,* 192 *Ga.* 732 (16 S. E. 2d, 714). Such governing bodies may deal with the situation from a practical standpoint, and "are better qualified than the courts to determine the necessity, character and degree of regulation which these new and perplexing conditions require; and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable." Gorieb *v.* Fox, 274 U. S. 603, 608 (47 Sup. Ct. 675, 71 L. ed. 1228, 53 A.L.R. 1210).

The allegations in the petition are insufficient to show that the action of the board was either arbitrary or unreasonable, but on the contrary show that the action was taken after all the parties had had two public hearings.

■ In the passage of the resolution where the properties of the plaintiffs and the defendants were classified for use as an agricultural residential district, the board did so under the police power, and neither of the parties, as property owners, obtained any vested right or interest that prohibited the board from subsequently changing the zoning classification to a different use. The zoning statute expressly authorizes the Board of Commissioners to amend, change, alter, or modify the comprehensive zoning plan. The action of the board in changing the use classification of the defendants' property from an agricultural use to that of apartment use does not deny the plaintiffs the equal

protection of law, nor operate retroactively in violation of the Federal and State constitutional provisions prohibiting the passage of ex post facto laws. Nor does such action deny the plaintiffs equal protection of law in violation of the Fourteenth Amendment to the United States Constitution. See, in this connection, *Bullard* v. *Holman*, 184 *Ga.* 788 (193 S. E. 586, 113 A. L. R. 763); Miller *v.* Board of Public Works, 195 Cal. 477 (234 Pac. 381); Eggebeen *v.* Sonnenburg, 239 Wis. 213 (1 N. W. 2d, 84), and annotation in 138 A.L.R. 500.

The trial judge did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*