22022.   HORRAS v. WILLIAMS et al.

ARGUED MAY 14, 1963—DECIDED JUNE 4, 1963—
REHEARING DENIED JUNE 18, 1963.

*Poole, Pearce & Hall, William Lozier,* for plaintiff in error.

*Herbert O. Edwards, Robert E. Mozley, Thomas O. Davis, Davis & Stringer, George P. Dillard, Albert E. Mayer,* contra.

HEAD, Presiding Justice.   John Horras brought a petition for declaratory judgment and injunction against H. H. Jones, R. J. Williams, members of the Board of Commissioners of DeKalb County, the Director of the DeKalb County Planning Commission, and the Director of the DeKalb County Department of Inspections.  H. H. Jones is the owner of two tracts of land adjoining the property of the petitioner.   On December 11, 1962, the board of commissioners rezoned the property of Jones, which had formerly been zoned for single family residence.   One of the tracts was rezoned for multiple family residences, and the other as a local commercial zone.

The petition as amended was in three counts.   The trial judge sustained the renewed demurrers of the defendants to counts 1 and 2, and their motion to strike count 3.   The exception is to this order.   The issue sought to be raised in count 1 was abandoned in the brief of counsel for the petitioner.

■ Count 2 alleged that:   On September 18, 1962, Jewel Williams, as agent of H. H. Jones, filed an application with the DeKalb County Planning Commission, seeking an amendment to the zoning resolution so as to rezone the two parcels of land of Jones.   A fee of $50 was paid to the DeKalb County Planning Commission, and a number was assigned to the application.   Hearings on this application were advertised on September 20, 1962, and September 27, 1962, but the application was never heard by either the DeKalb County Planning Commission or by

the Board of Commissioners of DeKalb County. The application was withdrawn on October 3, 1962. On October 22, 1962, R. J. Williams, as agent of H. H. Jones, filed an application with the DeKalb County Planning Commission to rezone the property of Jones, and a fee of $50 was paid to the commission. This application came on for hearing before the Board of Commissioners of DeKalb County on November 27, 1962, and on December 11, 1962, they rezoned the property.

It is alleged that Article XXI, Paragraph (f-1) of the Zoning Resolution of DeKalb County provides: "Amendments to the zoning map may be proposed by the governing body of DeKalb County, the Planning Commission or by any owner of property or his authorized agent, within the area proposed for change, provided, however, that an owner of property or his authorized agent shall not initiate action for an amendment to the zoning map affecting the same parcel more often than once every twelve (12) months. Amendments to the text of this Resolution may be initiated by any citizen of DeKalb County, the Planning Commission or the Governing Authority of DeKalb County. When the Planning Commission or the Governing Authority of the County shall initiate an amendment the required fee shall be waived."

It is asserted that the purported amendment to the zoning resolution, which amendment rezoned described parcels of land of Jones, is illegal, null, and void, for the reason that the application of Jones by his agent R. J. Williams constituted a second initiation of action by the owner or his agent for an amendment to the zoning map affecting the same parcels of property within a period of twelve months, contrary to the quoted paragraph of the DeKalb County Zoning Resolution.

In *Newman v. Smith*, 217 Ga. 465 (123 SE2d 305), this court had under consideration the same provision of the DeKalb County Zoning Resolution, and it was held in that case that the rezoning under attack was void since the property owner seeking rezoning had initiated an action for rezoning within twelve months from the denial of his former application, and the rezoning granted was on this reinitiation of action for rezoning within the prohibited period of twelve months.

In the present case it is urged by the defendants that since the first application for rezoning made on behalf of the defendant Jones was withdrawn and was not acted upon by the Planning Commission or the Board of Commissioners of DeKalb County, the first-application did not "initiate action" within the meaning of the zoning resolution. We can not agree with this contention. It appears that the first application on behalf of Jones was sufficient to "initiate action" for rezoning, and its voluntary withdrawal by the applicant prior to action thereon by the proper authorities would not change its character.

Under the interpretation given to the DeKalb County Zoning Resolution in *Newman v. Smith*, 217 Ga. 465, supra, the property owner could not file a valid application for rezoning until twelve months had elapsed after October 3, 1962, the date of the withdrawal of the first application for rezoning. The purported rezoning of the property by the board of commissioners on the application of October 22, 1962, was void, and the trial judge erred in sustaining the demurrers to count 2 of the petition.

■ Count 3 of the petition alleged that the application for rezoning was heard by the DeKalb County Planning Commission on November 19, 1962, at which time the planning commission unanimously denied the application for the zoning of one of the tracts for commercial use. It is asserted that the rezoning of the tract to a local commercial zone was contrary to Article XII of the Zoning Resolution of DeKalb County of September 6, 1956, entitled "Local Commercial District C-1," which provides in part: "Upon a positive finding of the Planning Commission that an area is suitable for and in need of a Local Commercial District, the area may be zoned, . . ." since the action was taken "not only without a positive finding of the Planning Commission that the area was suitable for and in need of a Local Commercial District but flew in the face of a positive finding that there was no such suitability and need."

The defendants made an oral motion to dismiss this count on the grounds that it failed to state a cause of action, and that the quoted provision of the zoning resolution is unconstitutional, contravening the Constitution, Art. III, Sec. VII, Par. XXIII (*Code Ann.* § 2-1923) which provides that the General Assembly

shall have authority to grant to "the governing authorities" of municipalities and counties the right to pass zoning and planning laws.

In *Humthlett v. Reeves*, 212 Ga. 8 (90 SE2d 14), it was held that: "The Cobb County Zoning Act of 1943 (Ga. L. 1943, p. 902), as amended by the act of 1949 (Ga. L. 1949, p. 1499), which empowered the Advisory Board of Cobb County to appoint a County Planning Commission," was unconstitutional since the planning commission was not the governing authority of Cobb County. The acts of the General Assembly under consideration in the *Humthlett* case did not establish the planning commission as an advisory or recommending agency, but gave the planning commission authority to zone and rezone.

The act creating the DeKalb County Planning Commission (Ga. L. 1956, pp. 3332-3356) provides in Section 10: "The zoning resolution or ordinance, including the maps, may be amended from time to time; but no amendment shall become effective unless it shall have been proposed by or shall first have been submitted to the planning commission for review and recommendation. The planning commission shall have 30 days within which to submit its report. If the planning commission fails to submit a report within the 30-day period, it shall be deemed to have approved the proposed amendment. The provisions of the previous section relative to public hearings and official notice shall apply equally to all amendments." This provision of the law requiring the submission of proposed rezoning to the planning commission for review and recommendation properly relegates the planning commission to an advisory capacity. *Morgan v. Thomas*, 207 Ga. 660 (63 SE2d 659).

In construing an ordinance or resolution of a governmental unit, if the language is susceptible of more than one construction, that construction is preferred which will render it valid rather than invalid. *Hill v. Busbia*, 217 Ga. 781 (125 SE2d 34). Should the language of the resolution, "upon a positive finding of the Planning Commission that an area is suitable for and in need of a Local Commercial District, the area may be zoned, . . ." be construed to mean that the governing authority of DeKalb County could not rezone property to a commercial district with-

out a finding by the planning commission favorable to such rezoning, this construction would not be in harmony with the legislative act (Ga. L. 1956, pp. 3332-3356) under authority of which the resolution was passed, which provides in Section 10 thereof for the submission of rezoning matters to the planning commission for "review and recommendation." Such construction would also render the provision of the resolution unconstitutional, since it would be an improper delegation of the authority to zone to the planning commission, whereas such zoning power is granted by the Constitution only to the governing authority of the county. *Humthlett v. Reeves,* 212 Ga. 8, supra. The language of the resolution in question does not specifically preclude the governing authority of DeKalb County from rezoning property without a positive finding by the planning commission, and we will construe this language to have the valid and constitutional meaning that the governing authority of DeKalb County may rezone property to a local commercial district upon a favorable finding by the planning commission, but that the governing authority is not precluded from rezoning to a commercial district without such favorable finding by the planning commission.

The trial judge did not err in sustaining the motion to dismiss count 3 of the petition.

*Judgment affirmed in part; reversed in part. All the Justices concur.*