## 25679. FLANIGEN et al. v. PREFERRED DEVELOPMENT CORPORATION.

UNDERCOFLER, Justice. This appeal is from a judgment declaring that the Mayor of the City of Atlanta has no authority to veto a zoning ordinance adopted by the Board of Aldermen of the City of Atlanta. This court has jurisdiction because of the constitutional questions involved. *Held:*

1. Enumeration of error number 1 asserts that "the trial judge erred in finding that the Mayor of the City of Atlanta was not a part of the governing authority of the city when zoning matters are being considered under the terms of Georgia Laws, 1946, pp. 191-203." (*Code Ann. Ch.* 69-8 et seq.).

Section 1 of Georgia Laws, 1946, p. 191 (*Code Ann.* § 69-801) provides: "In addition to all other powers the *governing authority* of each municipality in this State is hereby authorized and empowered to make, adopt, promulgate . . ." zoning regulations. (Emphasis supplied).

Section 10 of Georgia Laws, 1874, p. 117 establishing a charter for the City of Atlanta provides: "The legislative department of said city shall be vested in a Mayor and Board of Aldermen." Section 15 provides: "The Mayor and General Council [now Board of Aldermen] shall have full power and authority to pass all by-laws and ordinances . . ."

In our opinion the Mayor of the City of Atlanta is a part of the *governing authority* of the city under its charter. See *Hall v. City of Macon,* 147 Ga. 704, 706 (1) (95 SE 248). As such, the mayor has authority to veto ordinances, including zoning ordinances, adopted by the board of aldermen. Ga. L. 1874, pp. 117, 118; 1885, p. 377; 1889, p. 811.

The mayor has veto powers over all ordinances as an integral part of the city's governing authority. The charter of the City of Atlanta was amended by Georgia Laws 1889, pp. 811, 812, and section 1 provides in part: "Within four days after the passage thereof, the mayor, or, in his absence, the mayor pro tem. shall approve or veto the resolutions, orders, ordinances and other actions of the . . . Board of Aldermen . . . except the election of officers."

*Humthlett v. Reeves,* 212 Ga. 8 (90 SE2d 14) does not require a different conclusion. That case does not hold that a mayor and board of aldermen cannot constitute the *governing au-*

*thority* of a city. The separation of powers doctrine does not apply to municipal governments. *Ford v. Mayor &c. of Brunswick*, 134 Ga. 820 (68 SE 733).

The appellee contends that, if the mayor of Atlanta is a part of the governing authority, then he is required to be present at the zoning hearing before acting on the ordinance. Georgia Laws 1946, p. 191, was amended by Sec. 3 of Georgia Laws 1952, pp. 2731, 2735, by adding a new Sec. 20 which authorized the governing authorities of any municipality having a population of more than 300,000 to provide for any public hearing required by the 1946 Act to be held before a committee of the governing authority. The evidence shows such hearing was held. There is no requirement that the mayor attend such hearing before exercising his veto authority and the appellee is not thereby deprived of the equal protection of the laws under the State or the Federal Constitution.

There is no requirement in the amended charter that the mayor send a message or otherwise advise the Board of Aldermen as to his action in approving or vetoing ordinances. Ga. L. 1889, pp. 811, 812. The ordinances of the City of Atlanta have not been introduced in evidence and this court cannot take judicial notice of them. *Irwin v. Torbert*, 204 Ga. 111 (49 SE2d 70). However, the record in this case does show that the mayor advised the clerk of the board of aldermen in writing that he had vetoed the ordinances.

Enumeration of error number 1 is meritorious.

2. Enumeration of error number 2 asserts that the trial court erred in holding that the charter power of the Mayor of the City of Atlanta to veto ordinances which are adopted by the board of aldermen (Ga. L. 1874, pp. 117, 118; 1885, p. 377; 1889, p. 811) violates Article III, Section VII, Paragraph XXIII of the 1945 Georgia Constitution (*Code Ann.* § 2-1923).

This constitutional provision states: "The general assembly of the State shall have authority to grant the *governing authorities* of the municipalities and counties authority to pass zoning and planning laws. . ." (Emphasis supplied).

In our opinion the amended charter of the City of Atlanta granted by the General Assembly is consistent with and not violative of this constitutional provision because the mayor is a part of the governing authority of the city as provided therein.

Enumeration of error number 2 is meritorious.

3. Enumeration of error number 3 asserts that the trial court erred in holding that the Acts of the General Assembly (Ga. L. 1874, pp. 117, 118; 1885, p. 377; 1889, p. 811) granting to the Mayor of the City of Atlanta the power to veto ordinances and other acts of the board of aldermen, when applied to zoning matters, are in conflict with the general laws of the State (Ga. L. 1946, p. 191; *Code Ann.* § 69-801) and thereby violate Article I, Section IV, Paragraph I of the Georgia Constitution of 1945 (*Code Ann.* § 2-401).

In our opinion there is no conflict. The general statute grants zoning powers to the *governing authorities* of municipalities. In Atlanta, as we held in Division 1 of this opinion, the *governing authority* consists of the mayor and the board of aldermen.

Enumeration of error number 3 is meritorious.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Henry L. Bowden, Horace T. Ward,* for appellants.
*J. C. Rary, Harry James Beecham,* for appellee.