30405. ROYAL ATLANTA DEVELOPMENT CORPORATION v. STAFFIERI et al.
30409. MUNICIPAL-GWINNETT COUNTY PLANNING COMMISSION v. STAFFIERI et al.

HALL, Justice.

We granted certiorari to consider the important question whether a zoning board of appeals has jurisdiction to entertain an appeal from a decision of a planning commission under Code Ann. § 69-1211. The Court of Appeals in *Royal Atlanta Development Corp. v. Staffieri,* 135 Ga. App. 528 (218 SE2d 250) (1975), held that the zoning board of appeals did have such jurisdiction. We disagree and reverse.

Royal Atlanta Development Corp. owned about 130 acres in Gwinnett County on which it hoped to construct a "planned unit development" of homes and condominiums, along with shopping and recreational facilities, to be called Smokestone. It therefore applied for and received initial approval of its plans from the Municipal-Gwinnett County Planning Commission, as required by the 1970 Gwinnett County Zoning Resolution. Plaintiffs, adjacent landowners, claiming to be "persons aggrieved" by this approval, appealed to the Zoning Board of Appeals. The latter, however, dismissed the appeal on the basis that it

had no jurisdiction to entertain appeals from the Planning Commission under either the enabling statute or the Gwinnett Resolution, and further, that the plaintiffs had no standing to prosecute such an appeal.

Plaintiffs appealed to the Gwinnett Superior Court, which reversed on both the jurisdiction and standing issues, and remanded the case to the Zoning Board of Appeals for its consideration on the merits. Royal Atlanta and the Planning Commission appealed the superior court's ruling to the Court of Appeals, which also found that the Zoning Board of Appeals had jurisdiction to hear appeals from the Planning Commission. It, however, reversed and remanded for further findings on the standing issue holding that the plaintiffs had to show special damages to be "aggrieved" under the statute, and also held that since the trial court hearing was de novo, it had improperly remanded the case to the Zoning Board of Appeals. Royal Atlanta and the Planning Commission applied for certiorari to this court. Since we are reversing the Court of Appeals and the trial court on the jurisdiction issue, we do not reach, and therefore express no opinion on, the other rulings of these courts.

Code Ann. Ch. 69-12 is a comprehensive scheme for establishing and maintaining a master zoning plan[1] to promote the general welfare, efficiency and economy of the adopting political jurisdiction.[2] Code Ann. § 69-1203. Under its provisions, the zoning power clearly lies with the governing authority.[3] Code Ann. § 69-1207 (Supp.

---

[1]Other zoning procedures may be established at the discretion of the local governing authority. See e.g. Code Ann. Ch. 69-8.

[2]The planning commission zoning scheme may be adopted by a county or by a municipality. Also, any two or more counties or municipalities, or any combination thereof, may establish a joint planning commission. Code Ann. § 69-1201.

[3]"The generally accepted meaning of the phrase 'governing authority' . . . in reference to the operation of city or county governments, is a council or board performing legislative functions." *Humthlett v. Reeves,* 212 Ga. 8, 12 (90 SE2d 14) (1955). This is the County

1975); *Morgan v. Thomas,* 207 Ga. 660 (63 SE2d 659) (1951). The planning commission serves only as an expert empowered to develop an original master plan and to supervise its maintenance by making recommendations to the governing authority. Code Ann. §§ 69-1203, 69-1204 and 69-1216. "The function of a planning board or commission, as a general rule under zoning laws, is to act as an advisory or recommending agency to the legislative department of a city or county in the passage of zoning ordinances and amendments to them. *Morgan v. Thomas,* 207 Ga. 660 (63 SE2d 659)." *Humthlett v. Reeves,* 212 Ga. 8, 13. Accord *F. P. Plaza v. Waite,* 230 Ga. 161 (196 SE2d 141) (1973); *Bible v. Marra,* 226 Ga. 154 (173 SE2d 346) (1970); *Horras v. Williams,* 219 Ga. 115 (132 SE2d 68) (1963). The governing authority need not follow the planning commission's recommendations, but must use its own discretion in the exercise of the authority vested in it. Code Ann. § 69-1207; *Horras v. Williams,* supra; *Morgan v. Thomas,* supra. See, e.g., *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975); *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631 (198 SE2d 503) (1973). The purpose of requiring the approval of the Planning Commission prior to beginning development is merely to inform the governing authority that the planned unit development would meet the zoning ordinance requirements.

Code Ann. § 69-1211 provides that the governing authority, in addition to establishing a planning commission, may create a board of zoning appeals. See *Morgan v. Cherokee Hills Development Co.,* 226 Ga. 60 (172 SE2d 669) (1970). "Appeals to the board of appeals may be taken by any person aggrieved . . . by any decision of the administrative officer." It is under this section, as persons aggrieved by the Planning Commission's approval of the Smokestone planned unit development, that the plaintiffs initiated their appeal to the Gwinnett

Commissioners. See *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974); *Flanigen v. Preferred Development Corp.,* 226 Ga. 267 (174 SE2d 425) (1970); *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451) (1960).

County Zoning Board of Appeals. The statute specifies that a zoning board of appeals shall have the power "[t]o hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination *made by an administrative official in the enforcement* of any ordinance or resolution adopted pursuant to this Chapter." Code Ann. § 69-1211 (1). (Emphasis supplied.) The emphasized words were interpreted by both the Gwinnett Superior Court and the Court of Appeals to include the Planning Commission as an "administrative official," and the approval of the Smokestone preliminary development plan as an "enforcement" decision.

We do not disagree that the Planning Commission may, in some instances, be considered an administrative official. However, we cannot agree that the approval of a planned unit development scheme by the Planning Commission is an enforcement decision.

Code Ann. § 69-1212 states that the "governing authority of the municipality or county may provide for the enforcement of any ordinance or resolution adopted pursuant to the provisions of this Chapter by means of the withholding of building permits and occupancy permits, and for such purpose may establish and fill the position of building inspector. . ."[4] See *Jackson v. Abercrombie*, 229 Ga. 775 (194 SE2d 473) (1972). It is abundantly clear from this section that the means of enforcement under this chapter are not available to the planning commission, which has no power to issue or withhold building permits. See Code Ann. §§ 69-1203, 69-1204. The power to enforce the zoning resolution lies with the governing authority which may delegate it to a building inspector under this section of the enabling statute. Therefore the approval or disapproval of a planned unit development by the Planning Commission is not, and cannot be construed as, an enforcement decision appealable to the Zoning Board of Appeals under Code Ann. § 69-1211.

[4]The Code also provides that any violation of the zoning ordinances is punishable as a misdemeanor, as is recording a plat without approval of the Planning Commission. Code Ann. §§ 69-9904 and 69-9905.

Furthermore, the 1970 Gwinnett County Zoning Resolution, § 1605, provides that the Gwinnett County Zoning Board of Appeals has the power to "hear and decide appeals when it is alleged there is error in any order, requirement, decision or determination *made by the Chief Building Inspector* in the enforcement of this Zoning Resolution." (Emphasis supplied.) The Resolution itself thus restricts the jurisdiction of the Zoning Board of Appeals to decisions by the Chief Building Inspector. The Gwinnett County Zoning Board of Appeals, therefore, properly dismissed the plaintiffs' appeal from the approval of Royal Atlanta's application to establish a planned unit development by the Planning Commission. We accordingly reverse.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 12, 1975 — DECIDED FEBRUARY 2, 1976.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellants (case no. 30405).

*D. Daniel Kleckley, David C. Carnahan, Stark, Stark & Henderson, Homer M. Stark,* for appellees.

*Stark, Stark & Henderson, Homer M. Stark,* for appellant (case no. 30409).

*Carnahan & Kleckley, David C. Carnahan, D. Daniel Kleckley, Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellees.