JAMES T. BARR, Corporation Counsel Waushara County
You advise that questions have arisen concerning the responsibilities of your County Zoning Board of Adjustment, created under sec. 59.99, Stats. Your first inquiries are in reference to the criteria which it must use in granting zoning variances. You cite several instances where you, the County Planning and Zoning Committee created under sec. 59.97 (2)(a), Stats., and the County Zoning Administrator apparently feel that the grant of particular zoning variances by the Board of Adjustment constituted an abuse of discretion.
Before answering your specific questions, I point out that judicial review of decisions of the County Board of Adjustment may be obtained by writ of certiorari upon a proper petition specifying the grounds upon which it is asserted such decisions are illegal. Sec. 59.99 (10), (11), (12), (13), Stats. Our supreme court has long held that where a zoning board of appeals has acted arbitrarily and in *Page 147 
abuse of its discretion, its decision will be reversed upon appeal. State ex rel. Schleck v. Zoning Board of Appeals,254 Wis. 42, 35 N.W.2d 312 (1948).
You first ask whether it is proper for a county zoning board of adjustment to grant more than one variance if more than one variance is necessary to allow a structure on a particular lot. In my opinion the answer is yes.
The criteria for granting county zoning variances is set forth in sec. 59.99 (7)(c), Stats., as follows:
 (7) Powers of board. The board of adjustment shall have the following powers:
 (c) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.
The word "variance" as used in this provision may be viewed as including the plural as well as the singular. Sec. 990.001 (1), Stats. Thus, the validity of the variances granted does not necessarily depend on their number but rather upon whether, upon a full review of the facts, the grounds cited to justify such variances fall within the standards established by sec. 59.99 (7)(c), Stats., particularly the requirement that there be "unnecessary hardship." These requirements were most recently discussed and explained in Snyder v. Waukesha County ZoningBoard, 74 Wis.2d 468, 479, 247 N.W.2d 98 (1976), where our supreme court sustained a variance denial, holding that the hardship there relied upon by the appellant was "either self-created or no more than personal inconvenience."
In the course of discussing the grant or denial of both use and area zoning variances, the court set forth the following general guidelines:
 In State ex rel. Markdale Corp. v. Board of Appeals, 27 Wis.2d 154, 133 N.W.2d 795 (1965), the court considered, in relation to an appeal for a use variance, the definition of *Page 148 
unnecessary hardship.[1] The court first took note of the New York rule that to justify a finding of unnecessary hardship, it must appear that the property cannot yield a reasonable return when used for the permitted purposes. Id. at 162, n. 2, 133 N.W.2d at 799, n. 2; See Otto v. Steinhilber, 282 N.Y. 71, 24 N.E.2d 851 (1939). The court then stated:
 "A note entitled `Zoning Variances,' 74 Harvard Law Review (1961), 1396, 1401, suggest the following definition of `unnecessary hardship' as used in zoning statutes and ordinances with respect to the power of appeals boards to grant variances:
 "`Since the main purpose of allowing variances is to prevent land from being rendered useless, "unnecessary hardship" can best be defined as a situation where in the absence of a variance no feasible use can be made of the land."' 27 Wis.2d at 163, 133 N.W.2d at 799.
 When considering an area variance, the question of whether unnecessary hardship or practical difficulty exists is best explained as "[w]hether compliance with the strict letter of the restrictions governing area, set backs, frontage, height, bulk or density would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome." 2 Rathkopf, The Law of Zoning and Planning 45-28 (3d ed. 1972).
74 Wis.2d at 474-75 (emphasis added).
Second, you ask whether a county zoning board of adjustment could grant a variance allowing the placement of a substandard mobile home on a parcel where the only hardship involved was the fact that the applicant owned a substandard unit. In my opinion the answer is a qualified no.
In the absence of more specific and complete details, it is only possible to provide a general response to this question. Nevertheless, to *Page 149 
the extent your question suggests that the hardship involved is self-created or involves conditions personal to the applicant which are unrelated to the parcel involved, Snyder indicates that such inconvenience alone is insufficient to support the grant of a variance. It is there pointed out, 74 Wis.2d at 479, that:
 Practical difficulties or unnecessary hardship do not include conditions personal to the owner of the land, but rather to the conditions especially affecting the lot in question. "[I]t is not the uniqueness of the plight of the owner, but uniqueness of the land causing the plight, which is the criterion." 8 McQuillin, Municipal Corporations, sec. 25.167, at 544 (3d ed. 1965); See Karasik v. City of Highland, 130 Ill. App.2d 566, 572-73, 264 N.E.2d 215, 219 (1970).
Finally, you ask:
 Can the Board of Adjustments hear an appeal of a decision of the Zoning and Planning Committee? I fully understand that a decision of the Zoning Administrator can be appealed to the Board of Adjustments, but, do they have the same authority over the Zoning and Planning Committee and their decisions on conditional uses and rezonings?
You conclude that this question must be answered in the negative, because the Board only hears appeals from decisions of "administrative officers" and you do not view the planning and zoning committee, created under sec. 59.97 (2)(a), Stats., as consisting of "administrative officers." I feel, however, the question is not so easily resolved. In my opinion, the authority of the Board to review determinations of the committee differs, depending upon whether the determination involves a conditional use. rezoning, or enforcement decision.
Section 59.99 (4), (7)(a), Stats., provides in part as follows:
 (4) Appeals to board. Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the building inspector or other administrative officer. . . .
 . . . . *Page 150 
 (7) Powers of board. The board of adjustment shall have the following powers:
 (a) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of section 59.97 or of any ordinance adopted pursuant thereto.
In a broad and general sense, the members of administrative bodies such as county zoning boards of adjustment and county planning and zoning committees, as well as the various other county officers and officials involved in the implementation of the county zoning ordinances, are all administrative officers or officials. 8A McQuillin, Municipal Corporations, sec. 25.213. More specifically, the words "administrative officer" and "administrative official," while expressing the singular, include the plural, and may include within their meaning zoning boards and committees of administrative officials. See sec. 990.001 (1), Stats; Royal Atlanta Development Corp. v. Staffieri, 236 Ga. 143,223 S.E.2d 128. 130 (1976).
In Nodell Inv. Corp. v. Glendale, 78 Wis.2d 416,254 N.W.2d 310 (1977), the court considered whether a decision of a city plan commission to withhold a building permit must be appealed to the city zoning board of appeals by the affected property owner, under provisions of sec. 62.23 (7)(e), Stats., which read substantially the same as sec. 59.99, Stats. Referring to the language of the city zoning authority, including provisions virtually identical to sec. 59.99 (4), (7)(a), Stats., the court held that the property owner was required, under the doctrine of exhaustion of administrative remedies, to appeal the subject decision to the city zoning board of appeals, quoting JeffersonCounty v. Timmel, 261 Wis. 39, 63-64, 51 N.W.2d 518 (1952), as follows:
 [I]f a zoning ordinance provides for an appeal to a board of adjustment created pursuant to a statute similar to sec. 59.99 from an adverse ruling of an administrative officer or board in administering the ordinance, and court review of the decision or order of the board of adjustment is specifically provided for by statute, such remedy is exclusive of all other remedies and must be exhausted before a party can resort to the courts for other relief except in cases where the validity of the ordinance itself is attacked. *Page 151 
In so holding, Nodell obviously treated the particular decision of the city plan commission under review as that of administrative officers or officials under the subject zoning laws. In addition, however, the withholding of a building permit by a building inspector or other administrative officer or official was also clearly an "enforcement decision" under the zoning laws. It is not apparent, under Nodell or otherwise, that determinations of the county planning and zoning committee, which do not constitute "enforcement decisions," are reviewable by the county zoning board of adjustment under sec. 59.99, Stats. See
sec. 59.97 (10)(d), (11), Stats.
In Staffieri, just as in Nodell, the issue was whether a decision of a county zoning commission, a body similar to the county planning and zoning committee, was appealable to a board of appeals such as the county zoning board of adjustment. Again, the statutory provisions applied by the court were almost identical to those set forth in sec. 59.99 (4), (7)(a), Stats. InStaffieri, however, the court held that since the specific determination of the county planning commission under consideration was intended "merely to inform the governing authority," it was not an enforcement decision appealable to the zoning board of appeals: "We do not disagree that the Planning Commission may, in some instances, be considered an administrative official. However, we cannot agree that the approval of a planned unit development scheme by the Planning Commission is an enforcement decision." 223 S.E.2d at 130.
The holding of the court in Staffieri seems particularly applicable to that part of your inquiry which relates to the "rezoning decisions" of the County Planning and Zoning Committee. I assume that the rezoning determinations to which you make reference are those which are made by the Committee in considering proposed amendments to the county zoning ordinance, and in reporting its recommendations thereon to the County Board, under the provisions of sec. 59.97 (5) (e) 1.-5., Stats. Such recommendations are clearly preliminary and advisory only and do not constitute a "decision," within the meaning of sec. 59.99 (4), Stats., or an "order, requirement, decision or determination made . . . in the enforcement of section 59.97 or of any ordinance adopted pursuant thereto," as that phrase is used in sec. 59.99 (7)(a), Stats. As in Staffieri, such rezoning determinations of the County Planning and Zoning Committee are "merely to inform the governing authority," and the County Zoning Board of *Page 152 
Adjustment lacks jurisdiction under sec. 59.99, Stats., to review such determinations. See 8A McQuillin, Municipal Corporations, sec. 25.305.
That portion of your final question which relates to the authority of a county zoning board of adjustment over decisions of a county planning and zoning committee involving conditional uses, i.e., special exceptions, presents yet a different situation.
Section 59.99 (7)(b), Stats., provides as follows:
 (7) Powers of board. The board of adjustment shall have the following powers:
 (b) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.
I note at the outset that under sec. 59.99 (7) (a), Stats., the zoning board of appeals is empowered to hear and decide "appeals" of adverse zoning rulings, and under sec. 59.99 (7)(c), Stats., it is empowered to authorize zoning variances "upon appeal," while its authority to "hear and decide special exceptions" makes no reference to the exercise of appellate jurisdiction under the statute.
In addition, sec. 59.99 (1), Stats., provides that the county board may authorize the county board of adjustment to "make special exceptions to the terms of the [county zoning] ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained." Similar language in the city zoning statute, sec. 62.23 (7)(e), Stats., was held to vest "exclusive authority in the board of zoning appeals to pass upon conditional uses or special exceptions."State ex rel. Skelly Oil Co. v. Common Council, 58 Wis.2d 695,703, 207 N.W.2d 585 (1973). But, by ch. 60, Laws of 1973, the Legislature promptly amended the zoning statutes to provide, in the case of sec. 59.99 (1), Stats., that: "Nothing in this subsection shall preclude the granting of special exceptions by the county zoning agency designated under s. 59.97 (2)(a) or the county board in accordance with regulations and restrictions adopted pursuant to s. 59.97 which were in effect on. July 7, 1973 or adopted after that date." *Page 153 
In conclusion, there is no statutory requirement or right to appeal a decision of the County Planning and Zoning Committee, in reference to a special exception, to the County Zoning Board of Adjustment. However, in some counties the right to appeal such a decision may now exist under local zoning regulations adopted under the authority of sec. 59.99 (1), Stats. In addition, the extent to which such a determination would be subject to the review procedures of ch. 68, Stats., the Municipal Administrative Procedure Act, would largely depend on the specific provisions of the local zoning or municipal administrative procedure ordinances involved.
BCL:JCM
[1] In Markdale, the court noted that State ex rel Tingley v.Gurda, 209 Wis. 63, 67, 243 N.W. 317 (1932), "casts doubt upon the power of the board to grant a variance which changes the use classification of the . . . premises even if this were not a case of self-created hardship." Markdale, 27 Wis.2d at 154, 158 n. 1.