[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive issue in this appeal is whether a staff member of the zoning commission of the City of Norwalk (commission) was an "official charged with the enforcement" of the zoning regulations within the ambit of General Statutes sec. 8-6, authorizing appeals to the zoning board of appeals from the orders, requirements or decrees of such an official. Because this court holds that the staff member was not such an official, the appeal is dismissed.
The parties have filed a "partial stipulation of facts" which, together with the record, reflects the following. The individual defendants Kevin Conroy, Steven Cook and William Conroy, hereafter referred to as the defendants, are the owners of a building situated in a Business No. 3 zone in the City of Norwalk. The building fronts Rowayton Avenue on the east and borders the Five Mile River to the west. The building houses a restaurant. In this zone, a restaurant is a permitted use. The building, however, is nonconforming because part of the structure is within the thirty-five foot setback prescribed by the zoning regulations.
In 1990, the defendants proposed to renovate the interior of the building and to remove certain portions of the exterior structure which were within the thirty-five foot setback. The defendants also proposed to construct a second-story dormer over the nonconforming portion of the building and to build a "stoop" or service entry way within the thirty-five foot setback.
On June 19, 1990, the zoning inspector signed a document that the plan for the property had been reviewed and that it complied with all applicable zoning regulations. On July 17, 1991, the Plan Review Committee of the zoning commission recommended approval of the coastal area management application for the property. That recommendation incorporated the zoning inspector's approval. That same day, the full commission approved the plans, effective July 26, 1991. On July 25, 1991, the decision of the commission approving the coastal area management application was published in a local newspaper having substantial circulation in the city of Norwalk. On July 31, 1992, an application for zoning approval was CT Page 1894 granted by the zoning inspector. In August or September of 1992, construction of the project began.
By letter dated December 10, 1992, the defendants' architect wrote on their behalf to Victor Gurvitz, Deputy Building Official, in the Norwalk Building Department enclosing plans which incorporated certain "field changes" to the project. As detailed in the letter, "[t]he principal revisions are as follows: [1]. Relocation of the Mechanical Room to the Second Floor. This was done as the amount of equipment required to service a restaurant was to [sic] great to house in this room. The second Floor, being support space, provided an ideal location for the Mechanical Equipment. [2]. The Bathrooms were then relocated to the Northeast corner of the Building. This allowed us to open the river side area for patron seating. It also buffers the neighbors from the occupied space of the restaurant. As the subject spaces were all internal there is no net increase in the "Active Commercial" area. [3]. The new bathroom location required relocation of the Main Entry. This was moved westward away from the Street and neighbors. Further the Owner omitted the East (Street) facing door and retained the door facing West (River). The activity of entry exit thus is confined to the interior of the site away from the residential area. [4]. Relocation of the Stairs to the interior of the building: This allows internal circulation to the areas on the second floor in lieu of the external access stair. This reduces usable area on both floors and eliminates the exterior stair from the Southern facade of the project as was originally approved for the Building Permit. [5]. Dormers were added to the Office area on the Second Floor to make up for the loss of headroom caused by the reconstruction of the Floor-Ceiling system. No net increase in floor area resulted. [6]. The Front Porch is to be removed as it encroaches into the right-of-way for Rowayton Avenue. [7]. The remaining internal changes consist of kitchen equipment relocation, moving the Raw Bar West towards the River and window relocation to correspond with the above noted revisions. [8]. Please note that the Deck on the West Side of the building has been reduced in size." The architect requested that the Deputy Building Official "incorporate these revisions into the permit . . . ." On January 5, 1993, Mike Green, a staff member of the commission approved all of the proposed "field changes" except number five; change number 8 was approved as modified as to shape.
On January 12, 1993, the plaintiffs Frank Raymond and Willis Cavanagh filed an appeal with the Zoning Board of Appeals of the City of Norwalk (board) from the decision by Green to approve the CT Page 1895 alterations. After a public hearing, the board voted unanimously to deny the appeal for the reason that it had not been brought timely. The plaintiffs have appealed to this Court.
 I.
With certain exceptions not relevant here, General Statutes sec. 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." "`Board' means a . . . zoning board of appeals. . . ." In an appeal from such a board, the court should make a finding of aggrievement; Baccante v. Zoning Board of Appeals, 153 Conn. 44, 45, 212 A.2d 411 (1965); Fox v. Zoning Board of Appeals, 146 Conn. 665, 667, 154 A.2d 520
(1959). By statutory fiat, "(i)n the case of a decision by a . . . . zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a rasius [radius] of `one hundred feet of any portion of the land involved in the decision of the board." The evidence presented to the court establishes that the plaintiffs Cavanagh and Drummond-Hay own property within a radius of one hundred feet of the land involved in the board's decision. Therefore, those plaintiffs are aggrieved by the decision of the board. McNally v. Zoning Commission, 225 Conn. 1, 8, 621 A.2d 229
(1993); Caltabiano v. Planning Zoning Commission, 211 Conn. 662,560 A.2d 975 (1989); Smith v. Zoning Board of Appeals, 203 Conn. 317,321, 524 A.2d 1128 (1987); Brennick v. Planning Zoning Commission, 41 Conn. Sup. 593, 594, 597 A.2d 346 (1991). Since some of the plaintiffs are aggrieved by the decision of the board "it is not necessary to resolve whether the other plaintiffs are aggrieved . . . and we refer herein to all the plaintiffs as the plaintiffs." Protect Hamden/North Haven from Excessive Traffic Pollution, Inc., 220 Conn. 527, 529n. 3, 600 A.2d 757 (1991); see Josephson v. Planning Board, 151 Conn. 489, 492, 199 A.2d 690 (1964); Nowicki v. Planning Zoning Board, 148 Conn. 492, 495, 172 A.2d 386 (1961); DeRito v. Zoning Board of Appeals, 18 Conn. App. 99, 103,556 A.2d 632 (1989).
 II.
General Statutes sec. 8-6, entitled "Powers and duties of board of appeals," provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter [124[1]] or by any bylaw, ordinance or regulation adopted under the provisions of this chapter; (2) to CT Page 1896 hear and decide all matters including special exceptions and special exemptions under section 8-2g upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation; and (3) to determine and vary the application of the zoning bylaws, ordinances or regulations. . . ." General Statutes sec.8-7 provides in relevant part: "An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof." Since the zoning regulations in effect at the time that the plaintiffs appealed to the board did not prescribe a time within which to appeal to he [the] board, the thirty day period prescribed by General Statutes sec. 8-7
applied. Bosley v. Zoning Board of Appeals, 30 Conn. App. 797,799-800, 622 A.2d 1020 (1993); Koepke v. Zoning Board of Appeals,30 Conn. App. 393, 397, 620 A.2d 811 (1993), cert. granted,226 Conn. 913, 628 A.2d 985 (1993).
The board denied the plaintiffs' appeal for the reason that it was untimely. The record of the board's executive session reflects that the board understood this to be a jurisdictional determination and that there would be no need to address the merits of the appeal. Although local zoning boards of appeal are generally "endowed with a liberal discretion" in acting on appeals; Caserta v. Zoning Board of Appeals, 226 Conn. 80, 90, 626 A.2d 744 (1993); Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560-561,236 A.2d 96 (1976); a finding of jurisdiction is not a matter of discretion "`but a legal determination to be reached upon the facts and the pleadings.' Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth, Inc., 180 Conn. 223, 230, 429 A.2d 486
(1980) (Loiselle, J., concurring). That is, `certain jurisdictional facts are essential to establish the statutory jurisdiction of tribunals of limited authority. The existence of these facts fundamental to the power to entertain and adjudicate a proceeding on the merits. In short, such facts condition the power to act." Castro v. Viera, 207 Conn. 420, 434, 541 A.2d 1216 (1988).' Stern v. Medical Examining Board, 208 Conn. 492, 502, 545 A.2d 1080
(1988). In a proceeding before an administrative agency, these jurisdictional facts generally are contained in the pleadings or, given the informal nature of proceedings before such agencies; McMahon v. Board of Zoning Appeals, 140 Conn. 433, 435,101 A.2d 284 919530; Saporiti v. Zoning Board of Appeals, 137 Conn. 478, CT Page 1897 482, 78 A.2d 741 (1951); in documents which are the functional equivalent of pleadings. See Stern v. Medical Examining Board, supra." Lomazzo v. Zoning Board of Appeals, Superior Court, judicial district of Fairfield, No. 306397 (1994), pp. 8-9.
"Here, that document is the appeal to the board. . . ." Lomazzo v. Zoning Board of Appeals, supra, 9. As the defendants concede in their stipulation, that appeal was filed on January 12, 1993 and expressly stated that it was taken "from [the] issuance of zoning approval on or about January 5, 1993 of alterations, additions and plans as attached for additional structures and restaurant." An administrative agency's determination as to its jurisdiction has been held to be subject to de novo review on appeal. Republic Airlines, Inc. v. Wisconsin Dept. of Revenue, 158 Wis.2d 247 [159 Wis.2d 247], 464 N.W.2d 62, 66 (Wis.App. 1990); Chemetco, Inc. v. Illinois Pollution Control Board, 140 Ill. App.3d 283, 94 Ill.Dec. 640, 488 N.E.2d 639, 641 (1986). Even under less plenary review, the board's decision is not supported by the record. Since the plaintiffs clearly took their appeal to the board within thirty days of the issuance of the order from which they purported to appeal, their appeal was timely and the board erred in concluding otherwise.[2]
 III
The board, nonetheless, was correct in concluding that it was without jurisdiction to entertain the merits of the plaintiffs' appeal. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. LeConche v. Elligers, 215 Conn. 701,709, 579 A.2d 1 (1990), quoting Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288, 439 A.2d 997 (1981). The same principle applies to administrative agencies; Castro v. Viera, 207 Conn. 420, 428, 541 A.2d 1216 (1988); including zoning authorities. Langer v. Zoning Commission, 163 Conn. 453, 458,313 A.2d 44 (1972). Once [a] board of appeals is provided for in the zoning ordinance, its powers stem directly from the statute . . . and its powers are not subject to restriction by provisions contained in the ordinance or amendments thereto." (Citations omitted.) Id." (Internal quotation marks omitted.) Caserta v. Zoning Board of Appeals, 219 Conn. 352, 358-59, 593 A.2d 118 (1991); see also Lauer v. Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991).
While conferring jurisdiction on zoning boards of appeal to grant variances under certain circumstances, General Statutes sec.8-6, quoted supra, provides for one species of mandatory appellate CT Page 1898 jurisdiction and one species of potential, additional jurisdiction. One the one hand, a board of appeals must "hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of [chapter 124 of the General Statutes; see note 1, supra] or any bylaw, ordinance, or regulation adopted under the provisions of [chapter 124]. . . ." In addition, section 8-6 provides that such a board also shall "hear and decide all matters . . . upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation. . . ." The Norwalk zoning regulations provide the board of appeals with only three categories of jurisdiction: to "(1) Hear and decide appeals where it is alleged there is an error in any order, requirement or decision made by the Zoning Inspector. . . (2) Hear and decide applications for Special Permits, grants or exceptions. . . (3) Vary any requirement of these regulations. . . ." Building and Zone Regulations of the City of Norwalk sec. 118-1410A. Thus the regulations provide for only one type of appellate jurisdiction. That appellate jurisdiction is coextensive with that provided for in section 8-6; Caserta v. Zoning Board of Appeals, supra, 359; and extends only to appeals from an "order, requirement or decision made by the official charged with the enforcement of [the zoning laws]."
Under section 118-1420 of the Building Zone Regulations of the City of Norwalk, the Zoning Inspector and Deputy Zoning Inspectors are the only officials charged with the enforcement of the regulations. See also Building Zone Regs. secs. 118-330B4(h), 118-340B3(h), 118-350B(3)(g), 118-360B(3)(d)[1], 118-420D(1), (2), 118-502C(2)(d)[2], 118-503F, 118-522F, 118-810J, 118-1000F, H, 118-1020C, 118-1050F(1), 118-1100C(9)(a), 118-1210A, 118-1220D, H, 118-1230C(4), 118-1330A, B. The person from whose doings the plaintiffs appealed to the board was only a staff member of the Planning 
Zoning Commission. While, in addition to their other duties, zoning inspectors are required to "[p]erform staff functions as required by the Commission"; Building Zone Regs. sec. 118-1420A(4); the only functions which the regulations assign to staff persons are purely clerical ones. Building Zone Regs. secs. 118-1440, 118-1450B(1), (5), 118-1451B(2), (11). That section 118-1410A(1) expressly provides that it is the Zoning Inspector whose order, requirement or decision may be the subject of an appeal to the board underscores that it is the Zoning Inspector and only the Zoning Inspector and Deputy Zoning Inspectors who are the officials "charged with the enforcement" of the zoning laws by the zoning regulations. Since the person from whose doings the plaintiffs appealed to the board was neither a Zoning Inspector nor a Deputy CT Page 1899 Zoning Inspector, the board was without jurisdiction to entertain the appeal. Royal Atlanta Development Corp. v. Staffieri,236 Ga. 143, 223 S.E.2d 128 (1976).[3]
The appeal is dismissed.
Bruce L. Levin Judge of the Superior Court