## Paul DeRito et al. *v.* Zoning Board of Appeals of the Town of Middlebury et al.
### (7008)

Dupont, C. J., Norcott and Foti, Js.

Submitted on briefs January 11—decision released April 4, 1989

*Robert P. Hanahan* filed a brief for the appellants (defendants).

*Thomas P. Byrne* filed a brief for the appellees (plaintiffs).

Norcott, J. The plaintiffs in this action are the town of Middlebury and Paul A. DeRito, the duly authorized building official and zoning enforcement officer for Middlebury. The defendants Paul A. Lux and Patricia Tillyer sought and secured a variance from the defend-

ant Middlebury Zoning Board of Appeals (ZBA) to create a new nonconforming building lot from their two existing separate nonconforming lots. The plaintiff DeRito had determined that the defendant property owners' plans did not conform to the Middlebury zoning regulations and, together with the town, appealed the defendant ZBA's granting of the variance. The trial court sustained the appeal, holding that the ZBA had acted illegally in granting the variance and that the plaintiff DeRito had standing to contest the variance. The defendants appeal from the judgment of the trial court, claiming that the court erred (1) in not dismissing the zoning appeal for lack of subject matter jurisdiction because the citation failed to name the town clerk as a necessary party to the action, and (2) in ruling that DeRito had standing to appeal the decision of the ZBA under General Statutes § 8-8 (a).[1] The trial court's determination of the validity of the variance is not an issue in this appeal.

Before we address the issue of DeRito's standing to appeal the ZBA's granting of the variance, we must consider the jurisdictional issue first raised by the defendants Lux and Tillyer in their December 16, 1987 motion to dismiss the trial court proceedings based on an improper citation. The record indicates that the trial

---

[1] General Statutes § 8-8 (a) provides: "Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

court took no action on this motion.[2] Although the challenge to the court's subject matter jurisdiction should have been addressed by the trial court; *Cahill* v. *Board of Education,* 198 Conn. 229, 238, 502 A.2d 410 (1985); subject matter jurisdiction may be raised at any time including on appeal. *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 556, 529 A.2d 666 (1987); *Romanowski* v. *Foley,* 10 Conn. App. 80, 83, 521 A.2d 601, cert. denied, 204 Conn. 802, 525 A.2d 1352 (1987). The defendants claim that the trial court did not have subject matter jurisdiction in this action based on our Supreme Court's decision in *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*). They argue that the plaintiffs, who cited and served the town clerk of Middlebury, failed to cite and summon the clerk as an indispensable party, as required by General Statutes § 8-8 (b)[3] and *Simko II.*[4]

---

[2] We note that the trial court hearing on the defendants' motion to dismiss took place on February 3, 1988. It appears from our review of the record that because *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*), was then pending before our Supreme Court, the trial court deferred its determination of the motion pending the outcome of that case but then never acted on the motion.

[3] General Statutes § 8-8 (b) provides: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

[4] The plaintiff's citation provided as folows:

"CITATION

"TO ANY PROPER OFFICER:

"BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to summon THE ZONING BOARD OF APPEALS of the Town of Middlebury, Town Hall, Middlebury, Connecticut, PAUL A. LUX and PATRICIA TILLYER, both of Three Mile Road Middlebury, Connecticut to appear before the Superior Court within and for the Judicial District of Waterbury 300 Grand Street Waterbury, Connecticut 06702 on June 30, 1987, said appearance to be made by said Middlebury Zoning Board

This issue was resolved in *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988). The facts in this case are indistinguishable from those in *Schwartz,* in which the citation specifically directed the sheriff to serve both the chairman or clerk of the planning and zoning commission *and* the town clerk with copies of the complaint and the appeal citation. The sheriff accordingly made proper and timely service on both the chairman and the town clerk. In *Schwartz,* our Supreme Court held that "[a]lthough the citation did not direct the sheriff to summon the town clerk . . . as a party for all purposes, it does comply with the purpose of the 1985 amendment to General Statutes § 8-8 (b), as interpreted in *Simko II,* supra, 383, which was 'to ensure that the municipality will receive adequate notice [of the appeal] and have sufficient opportunity to be heard and protect the interests of the public where necessary.' In addition, as we stated in *Simko II,* supra, 382, 'the clerk of the municipality is a statutorily mandated, necessary party to the proper *institution* of an appeal and must properly be served with true and attested copies of the appeal.' (Emphasis added.) Here, the service by the sheriff, who was acting pursuant to the lawfully issued citation, was legally sufficient." *Schwartz,* supra, 150–51. The result

of Appeals of Middlebury, Connecticut, or its Attorney, and by Paul A. Lux and Patricia Tillyer, or their Attorney, by filing a written statement of appearance with the Clerk of said Court on or before the second day following said return day, then and there to answer unto the foregoing complaint, by leaving with, or at the usual place of abode, of the Chairman or Clerk of the Middlebury Zoning Board of Appeals and the Town of [sic] Clerk of the Town of Middlebury and with Paul A. Lux and Patricia Tillyer both of Three Mile Road Middlebury, Connecticut a true and attested copy of the complaint and of this citation at least twelve days before the return date.

"I hereby certify that I have personal knowledge of the financial responsibility of the Plaintiff and deem it sufficient to pay the costs of this action.

"HEREOF fail not, but of this writ with your doings thereon, make due service and return according to law.

"DATED at Farmington, Connecticut this 22nd day of May 1987."

in this case is controlled by *Schwartz,* and we therefore hold that the citation was proper, and that it was not reversible error for the trial court not to have dismissed the appeal for lack of subject matter jurisdiction.

We next turn to the defendants' challenge to the trial court's determination that DeRito had standing to bring an appeal from the ZBA's granting of the variance. We begin by noting that the defendants do not challenge the standing of the plaintiff town of Middlebury to appeal the ZBA's decision. Indeed, it is now settled that " '[t]he municipality concerned is always entitled to represent such interests by participating as a party to an appeal. *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681, 96 A.2d 806 [1953]; *Keating* v. *Patterson,* 132 Conn. 210, 212n., 43 A.2d 659 [1945]; Maltbie, Conn. App. Proc., § 226.' " *Simko* v. *Zoning Board of Appeals,* supra, 381, quoting *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 658, 145 A.2d 832 (1958). Thus, even without DeRito as a party to the appeal of the ZBA's decision, the trial court had subject matter jurisdiction over the appeal by virtue of the presence of the plaintiff town of Middlebury. The question of DeRito's standing to appeal was one that the trial court need not have decided.

On appeal, the question of DeRito's standing does not present a controversy relevant to the outcome of the case. We have found that the trial court had jurisdiction to decide the appeal, the merits of which remain unchallenged. A decision on DeRito's standing to appeal the ZBA's decision will not affect the trial court's reversal of the ZBA's granting of the variance. Therefore, although the plaintiffs and defendants disagree as to the resolution of a question of law regarding the standing of DeRito, that issue presents no justiciable controversy on appeal. " 'In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used

as a vehicle to obtain judicial opinions upon points of law; *Reply of the Judges,* 33 Conn. 586 [1867]; and where the question presented is purely academic, we must refuse to entertain the appeal. *Young* v. *Tynan,* 148 Conn. 456, 459, 172 A.2d 190 [1961].' *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979)." *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571–72, 499 A.2d 1158 (1985). A review of the defendants' claim is unnecessary because it will not affect the final result in the case. See *Vogel* v. *New Milford,* 161 Conn. 490, 499, 290 A.2d 231 (1971). No practical relief can be granted to the defendants on this claim, and it is not the province of appellate courts to decide questions disconnected from the granting of actual relief or from the determination of which no practical relief can follow. See *Accurate Forging Corporation* v. *UAW Local No. 1017,* 189 Conn. 24, 26, 453 A.2d 769 (1983). Accordingly, the portion of the defendant's appeal claiming error in the trial court's ruling on DeRito's standing to appeal is dismissed.

There is no error in part; the appeal is dismissed in part.

In this opinion the other judges concurred.