[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision of the defendant Plainville Zoning Board of Appeals (Board) approving a request that a site be deemed suitable as a location for a gasoline station[1].
The plaintiffs are the Plainville Zoning Enforcement Officer, William Dornfried, and the Plainville Planning and Zoning Commission (Commission). The defendants are W. F. Shuck Petroleum Company, Frank Rassey, Robert Rassey, and the Plainville Zoning Board of Appeals.
The W. F. Shuck Petroleum Company (Company), on April 26, 1990, filed an application with the Board seeking to have a site declared as a site suitable for the location of a gasoline station. Notice of a public hearing on the application was published in the New Britain Herald newspaper on May 2, 1990 and on May 9, 1990. A hearing was held on the application on May 14, 1990, at which time the Board unanimously approved the application that the Company's site was suitable for use as a gasoline station.
The plaintiff raises two issues in bringing this appeal: (1) Whether notice of the public hearing, as published, was defective; (2) Whether the statutory criteria of Conn. Gen. Stat. sec. 14-322 was met in determining the suitability of the Company's site for use as a gasoline station.
In every zoning appeal, the appellant must allege and prove aggrievement; otherwise, the appeal will be dismissed. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987).
In this action, one of the plaintiffs is a municipal commission. The Commission, as a municipal body is an aggrieved party since it represents the interest of all of its inhabitants. Milford v. Commissioner of Motor Vehicles, 139 Conn. 677,681 (1953); see also DeRito v. Zoning Board of Appeals,18 Conn. App. 99, 103 (1989). Since the Commission has standing to appeal, the standing of the zoning enforcement officer need not be decided. DeRito, 18 Conn. App. at 103-4. CT Page 5877
The plaintiffs first claim is that the notice published in the newspaper was inadequate because the notice included an incorrect statutory reference. The statutory reference in the public notice was to Conn. Gen. Stat. sec. 14-54
which deals with obtaining a license for the repair of motor vehicles. However, the public notice recited that the public hearing would be held on the suitability of a location for a gasoline station. The statutory reference should have been to Conn. Gen. Stat. secs. 14-331 and 332.
Adequate statutory prehearing notice is a jurisdictional prerequisite to the bringing of this action. R. B. Kent Son, Inc. v. Planning Commission, 21 Conn. App. 370, 378
(1990). In this action, the public notice did recite the purpose of the hearing although an incorrect reference to a statute was made. Prom the standpoint of one reading the public notice, the purpose stated in the notice was adequate to understand the nature and purpose of the hearing. "The purpose of statutory public prehearing notice is fully and sufficiently to apprise the public of the proposed action, so as to enable intelligent preparation for participation in the hearing." Id. "Although the notice may not be misleading, it need not be exact." Id.
The plaintiffs' second claim is founded upon meeting the criteria set forth in sec. 14-322.
Conn. Gen. Stat. sec. 14-322 states that
 [n]o certificate of approval shall be issued unless the local authority finds that the location is suitable for the sale of gasoline and other products referred to in section 14-319, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of the proposed location will not imperil the safety of the public.
The discretion to grant or deny a certificate of suitability for a gasoline station rests with the zoning authority, and the court's function is solely to determine whether the zoning authority acted illegally, arbitrarily, or in abuse of its discretion on the record before it. Welch v. Zoning Board of Appeals, 158 Conn. 208, 215 (1969). The court may not substitute its judgment for the liberal discretion CT Page 5878 given to the board. Atlantic Refining Co. v. Zoning Board of Appeals of the Town of East Haven, 150 Conn. 558, 562 (1963).
In this instance the record does not contain any reasons given by the Board for its actions on the plaintiffs' application.
When a zoning board fails to give reasons for its decision, or its reasons are inadequate, the trial court must search the record to determine whether a basis exists for an action taken. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732 (1988). In searching the record, the trial court may rely on any reasons culled from the record which demonstrates a real or reasonable relationship to the factors cited in sec. 14-322. See Id. at 733.
In making their determination on the suitability of location and whether the public safety would be imperiled, the board members may rely upon their personal knowledge of the situation. Id. at 260. However, the individual views of board members are not permitted to serve as the grounds for a board's decision. Welch, 158 Conn. at 214.
In arriving at its decision, the Board's record should show due consideration of the following elements as set forth in Conn. Gen. Stat. sec. 14-322:
 1. Proximity of schools, churches, theatres or playhouses or other places of public gathers. 2. Intersecting streets. 3. Traffic conditions. 4. Width of highway and effect on public travel. 5. That use of the site will not imperil the safety of the public.
A review of the record shows a site plan with intersecting streets and the width of the highways. The zoning map filed with the record shows the site to be in a general commercial zone with an industrial zone located across the street from the site.
The record does not reflect that the Board considered traffic conditions. From the record, no traffic study was made of the area.
This site being in a general commercial area may not be in close proximity with schools, churches, theatres and other public gatherings, however, we cannot make this CT Page 5879 determination from the record.
Based upon the lack of a record to support the decision of the Board, we cannot determine that the record reasonability supports the conclusion of the Board.
Zoning Boards are required by statute to state their reasons for their decisions.[2] Although Conn. Gen. Stat. sec.8-7 mandates that the boards state their rr reasons for their decisions, our case law has held that this statutory requirement is desirable but not mandatory. Hovanesian v. Zoning Board of Appeals, 162 Conn. 43, 47 (1971).
Where no reasons are given by the Board for its decision, and where the record fails to supply a basis for the Board's decision, a court would have to assume the position of the Board in making the findings required. This clearly would be a case of the court improperly substituting its judgment for the judgment of the Board. Horn v. Zoning Board of Appeals,18 Conn. App. 674, 676-77 (1989).
Accordingly, since we cannot find support in the record for the decision of the Board, this appeal is sustained.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT