[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On June 29, 1992, the plaintiff, Mary Ann H. Malinconico f/k/a Mary Ann H. Passariello, filed a four count complaint against the defendant. In her first count, the plaintiff alleges that the defendant breached its contract found in its employee handbook when the defendant terminated the plaintiff for absenteeism. The plaintiff alleges that following an automobile accident she was absent for less than the amount of time allotted in the defendant's employee handbook; notwithstanding that, the defendant terminated her for absenteeism.
In the plaintiff's second count she alleges that by providing for sick pay and vacation leave in the employee handbook, the defendants created an implied contract. She alleges further that the defendant breached its implied contract when it terminated her for absenteeism, even though she did not use the entire amount of leave she was allotted pursuant to the handbook.
In her third count the plaintiff alleges that she relied to her detriment on the provisions of the employee handbook and that the defendant violated her rights and denied her the benefit of sick pay and vacation when the defendant terminated her.
In her fourth count she alleges that the defendant violated the significant public policy against terminating employees for claiming sick pay and vacation benefits and, therefore, wrongfully discharged her. Thus she claims the defendant is guilty of breaching the implied covenant of good faith and fair dealing in the employment contract.
On August 13, 1992 the defendant moved to strike all four counts of the complaint on the grounds that the first, second and third counts are legally insufficient because the plaintiff failed to CT Page 10853 allege that the defendant contracted to hire the plaintiff for a definite duration and that the fourth count is legally insufficient because she failed to allege breach of an established public policy.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152 (1): see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or crossclaim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them: and if facts provable under the allegations would support a defense or a cause of action, the. . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
The first matter to be addressed concerns the plaintiff's motion for leave to file brief dated October 25, 1992. The motion is granted. Connecticut Practice Book section 155 states that "[I]f an adverse part objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve. . .a memorandum of law." The defendant failed to object to the plaintiff's motion for leave to file an opposing memorandum. Furthermore, the 1989 amendment to the Practice Book deleted the provision of section 155 which stated that a party who failed to timely file an opposing memorandum was deemed to have consented to the granting of the motion to strike. Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12-13 n. 1 (1988), see also Heritage Home Improvement Co., Inc. v. Mulvihill,5 CSCR 213 (March 2, 1990, Hartmere, J.) (Court declined to grant motion to strike where adverse party did not file its opposing memorandum of law until the day of oral argument.) For the foregoing reason, the motion for leave to file brief is granted.
The defendant argues in its motion to strike that the first, second and third counts are legally insufficient because the plaintiff failed to allege that the defendant contracted to hire her for a definite duration. The defendant asserts that the claims of CT Page 10854 breach of contract, breach of implied contract and reliance are all insufficient because Connecticut follows the general rule that where an employee contract has no express definite term or duration, the employee is terminable at will; thus, since the plaintiff did not allege that the manual expressed a definite duration, the plaintiff's counts must fail.
The plaintiff argues that the sick pay and vacation pay policy in the handbook created an express or implied contract between the parties in which the defendant agreed not to terminate the plaintiff for absenteeism if the plaintiff only took the amount allotted to her in the handbook.
The Connecticut Supreme Court has held that "under appropriate circumstances, the terms of an employment manual may give rise to an express or implied contract between employer and employee." Carbone v. Atlantic Richfield Co., 204 Conn. 460, 471,528 A.2d 1137 (1987), citing Finley v. Aetna Life and Casualty Co.,202 Conn. 190, 198-199, 520 A.2d 208 (1987). Furthermore, whether the employer and employee intended the employee handbook to constitute a contract is a question of fact to be determined by the trier of fact. Finley v. Aetna Life Casualty, supra, 199. Lavallee v. Container Graphics Corp., Superior Court, judicial district of Rockville at Tolland, Docket No. 459497, (June 28, 1991). In the latter case the court denied the defendant's motion to strike the plaintiff's complaint finding that the plaintiff employee had alleged "facts sufficient to state a cause of action for a breach of express or implied contract of employment. . .based upon the provision of the defendant's policy manual."
In the instant case, since the plaintiff alleges that she was employed pursuant to a contract found in the employee handbook, she need not allege that she was employed for a specified term. Therefore, the defendant's motion to strike the first, second and third counts for failure to state a legally sufficient claim is denied.
As to the second count, the defendant urges the court to strike the plaintiff's implied breach of contract allegation for the reason that Connecticut implies a contract only where the parties intended to enter into a contract and the plaintiff failed to allege that there was a meeting of the minds upon which an agreement could be inferred. For this premise, the defendant cites Christensen v. Bic Corporation, 18 Conn. App. 451 (1989). That case is distinguishable by the fact that that plaintiff "said he had never been given a written document stating that employees were entitled to CT Page 10855 bonuses. . . .", Id at 455. Written bonus policy guidelines were not sufficient to bind the employer. Id., at 458.
In the instant case the plaintiff alleges in paragraph 8 of her second count, that "the sick pay and vacation plans of the defendant were described in an employee manual given to the plaintiff by the defendant." Further, "the employee manual was intended by the defendant to be relied upon by employees such as plaintiff." Since an employment manual may give rise to an express or implied contract between employer and employee, Carbone v. Atlantic Richfield Co., supra, the defendant's motion to strike the second count as legally insufficient is denied.
The defendant next argues that the third count should be stricken on the grounds that, although it is based on a reliance theory, the plaintiff fails to allege that the defendant made a promise on which she relied. The defendant reasons that the reference to sick leave and vacation benefits does not constitute a clear and definite promise of employment. The plaintiff, however, claims that she detrimentally relied on the defendant's promise of a certain amount of sick and vacation leave in the handbook. "A fundamental element of promissory estoppel. . .is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213, 520 A.2d 217 (1981), citing Restatement (Second of Contracts, section 90). Moreover, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promissee . . .which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, supra, citing Restatement (Second of Contracts, section 90). See also Garrique v. Greenwich Country Club, 6 CSCR 762 (August 15, 1991, Ryan, J.) In D'Ulisse-Cupo, supra, the court found that the defendant's representations did not invoke a cause of action for promissory estoppel because they were not sufficiently promissory nor sufficiently definite to support contractual liability. Id. 214. The court found that the defendant's representations merely indicated that the defendants intended to enter into an agreement with the plaintiff in the future and the defendant's representations did not make a definite promise upon which the plaintiff could reasonably rely. Id., 214-15. Moreover, a motion to strike a plaintiff's promissory estoppel count should be granted where the plaintiff merely alleges "that the defendant made promises to the plaintiff, without specifying what words or conduct on the part of the defendant comprised these CT Page 10856 promises." Settembri v. American Radio Relay League, 7 CSCR 483,484 (March 17, 1991, Shaller, J.) However, the present case is distinguishable from both the D'Ulisse-Cupo, and Settembri cases because here the plaintiff alleges that the defendant represented to her in its employee handbook that she had a certain amount of sick and vacation leave; that she used fewer days than the days allotted to her pursuant to the handbook: that she relied on those representations when she returned to work prior to utilizing all of the allotted days, and that the defendant denied her the benefit of the sick pay and vacation provisions when the defendant terminated her for absenteeism. Furthermore, in the present case the plaintiff did specify "what words or conduct on the part of the defendant comprised these promises." Settembri v. American Radio Relay League, supra. Thus, the defendant's motion to strike the plaintiff's third count is also denied because there is a sufficient allegation made to support a cause of action, namely that the defendant made a promise upon which the defendant could reasonably have relied.
The defendant attacks the fourth count as legally insufficient in that the plaintiff failed to allege a breach of an established public policy. Although the defendant concedes that an employee at will may sustain a cause of action against an employer where the employee is dismissed in violation of an important public policy of the state, the defendant argues that the plaintiff must specifically identify that public policy in her pleading. The plaintiff argues that she has adequately alleged a violation of a public policy in order to sufficiently state a cause of action for wrongful discharge. The Connecticut Supreme Court addressed "the question of whether to recognize an exception to the traditional rules governing employment at will so as to permit a cause of action for wrongful discharge where the discharge contravenes a clear mandate of public policy." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474,427 A.2d 385 (1980). The court held that "where there is a relevant statute we should not ignore the statement of public policy it represents." Id, 480. However, a wrongful termination count is properly stricken where the plaintiff has failed to allege that "any particular public policy was affronted by his termination." Morris v. Hartford Courant Co., 200 Conn. 676, 680, 513 A.2d 66 (1986). The "public policy exception to the employment at will rule carved out in Sheets attempts to balance the competing interests of employer and employee." Id., 679. "[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Id. The superior court in evaluating the public policy exception to the employee at will rule has denied motions to strike wrongful discharge claims where the plaintiff alleges (1) an CT Page 10857 employee at will relationship, (2) that the defendant employer violated a public policy when it discharged the plaintiff employee, and (3) an allegation citing the particular statutory or constitutional provision creating the public policy alleged to have been violated by the employer. See Settembri v. American Radio Relay League, supra, Linkovich v. Heublein, Superior Court, judicial district of Hartford at New Britain, Docket No. 441529 (February 15, 1992), Polyviou v. N.E. Contract Packers, 7 CSCR 305, 306
(February 19, 1992, Santos, J.) LaFlame v. Plainville Healthcare Center, Superior Court, judicial district Hartford at New Britain, Docket No. 444966 (January 6, 1992). In LaFlame the court granted the defendant's motion to strike the plaintiff's first count of its complaint alleging wrongful discharge in violation of public policy where plaintiff failed to allege that her discharge violated any explicit statutory or constitutional provision or any judicially conceived notion of public policy. LaFlame, supra, citing Morris, supra. cf. MacLean v. Northeast Province of the School Sisters of Notre Dame, 7 CSCR 471, 472 (March 31, 1992, Lewis, J.) (Motion to strike first count of plaintiff's complaint denied where plaintiff only alleged that "her termination violated public policies of this state to preserve health and safety with respect to the use of drugs, and to safeguard the health and safety of patients.")
In the present case the plaintiff merely alleges in her fourth count that by terminating her for absenteeism the defendant violated Connecticut's significant public policy against termination of employees for claiming sick pay and vacation pay benefits. The plaintiff failed to allege anywhere in her complaint that her discharge violated any explicit statutory or constitutional provision or judicially conceived notion of public policy. The plaintiff did not cite to any particular public policy until she cited in her opposing memorandum three sources of public policy: the laws against discrimination for making a worker's compensation claim. General statutes section 31-290a; the laws prohibiting discrimination against those who take family and medical leave, General Statutes section 31-55dd, and that portion of ERISA which bars discrimination against employees who take advantage of health and benefit plans. 29 U.S.C. § 1140. Thus, since the plaintiff failed to allege with particularity the sources of the public policy which she claims defendant violated, the motion to strike the fourth count as legally insufficient is granted.
LEHENY, J. CT Page 10858