[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, 137 East Aurora, LLC and Contractors Supply of Waterbury, LLC, have appealed from a decision of the defendant, the City of Waterbury Zoning Commission, approving a one-year moratorium prohibiting the bureau of inspections from accepting or acting upon building permit applications relating to construction in industrial zones.
 Procedural Background
On January 22, 1998, the plaintiffs filed an application for a building permit with the Waterbury department of inspections in order to construct an asphalt plant at 157 and 173 East Aurora Street. (Return of Record [ROR], Application: Item 1.) The parcel contains 6.0826 acres and is CT Page 15301 zoned as general industrial (I.G. zone). (Appeal-Complaint, ¶ 2.)
On February 24, 1998, the mayor of Waterbury submitted a moratorium proposal to the zoning commission for approval. (ROR, Correspondence: Item 1.) As initially proposed, the moratorium would effectively prohibit the bureau of inspections from accepting or acting upon any "application to commence construction, alteration or addition of any building, or excavation for any building, structure or use identified by Sections 2.34, Heavy Commercial, Transportation, Utilities and 2.35, Industrial of the Waterbury Zoning Ordinance and subject to Section 5.52 General Performance Standards and Sections 5.53-5 Smoke, 5.53-6 Odors or 5.53-7 Fly Ash, Dust, Fumes, Vapors, Gasses and other forms of Air Pollution. for a period of three months. (ROR, Correspondence: Item 1.) Notice of the public hearing held on April 16, 1998 was published in the Waterbury Republican-American on April 3 and April 10, 1998, along with the proposed moratorium. (ROR, Notices and Agendas: Items 1, 2.)
At the public meeting held on April 16, 1998, the zoning commission heard testimony from the general public regarding the moratorium, including testimony from representatives of the plaintiffs. (ROR, Transcripts: Item 1.) The public hearing was then reopened at a commission meeting on April 30, 1998. (ROR, Transcripts: Item 3.) On May 21, 1998, the zoning commission voted to amend the moratorium from a three-month period to a one-year period and then approved the moratorium as amended. (ROR, Transcripts: Item 4.) Notice of the approved moratorium as amended was published in the Waterbury Republican-American on May 23, 1998. (ROR, Notices and Agendas: Items 3, 4.)
The plaintiffs now appeal from the commission's decision to the Superior Court on the grounds that the commission's approval of the moratorium should be reversed because the commission did not have the power, or the authority, to amend the moratorium. (Appeal-Complaint, ¶ 12.) The plaintiffs additionally allege in their appeal that the building permit application survives the moratorium under General Statutes § 8-2h. (Appeal-Complaint, ¶ 12.) The plaintiffs seek, as relief, that this court "sustain the appeal, and reverse the action of the Commission with respect to the approval of the moratorium and vacate said approval of moratorium." (Appeal-Complaint, Prayer for Relief, ¶ 1.) Additionally, the plaintiffs pray that this court "direct the Defendant Commission to confirm that the Plaintiffs . . . are not subject to the moratorium in accordance with Connecticut Law." (Appeal-Complaint, Prayer for Relief, ¶ 2.)
 JURISDICTION
General Statutes § 8-8 governs appeals taken. from the decisions of CT Page 15302 a zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Bridgeport Bowl-O-Rama, Inc. v. Zoning Board, 195 Conn. 276, 283,487 A.2d 559 (1985). "Failure to comply strictly with the provisions of § 8-8(b) renders the appeal subject to dismissal." Spicer v. Zoning Commission, 212 Conn. 375, 378, 562 A.2d 21 (1989).
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's [administrative] appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). It is necessary, therefore, that "in order to have standing to bring an administrative appeal, a person or entity must be aggrieved." (Internal quotation marks omitted.) WaterPollution Control Authority v. Keeney, 234 Conn. 488, 493, 662 A.2d 124
(1995)
The record reflects that the plaintiff applied for a building permit to build an asphalt plant on their property located at 157 and 173 East Aurora Street in Waterbury. (Appeal-Complaint, ¶ 7.) The plaintiffs further allege that they have been aggrieved by the approval of the amended moratorium because, as the owners of real property, they were in possession of a certificate of zoning compliance and were applicants for a building permit for the asphalt plant. (Appeal-Complaint, ¶¶ 13, 14.). Further, the building permit reflects that the plaintiffs are the owners of the subject parcel. (ROR, Application: Item 1.)Finally, plaintiffs provided proof of ownership of the property at the hearing. Plaintiffs have therefore proven that they are statutorily aggrieved.[1]
Timeliness and Service of Process
General Statutes § 8-8(b) provides, in part, that an appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) further provides that service shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8(e)
The plaintiffs allege that "Loin May 23, 1998, the commission published said decision of approval of moratorium in the Waterbury Republican-American newspaper having a general circulation in the City of Waterbury, Connecticut." (Appeal-Complaint, ¶ 12.) This allegation is CT Page 15303 substantiated by a copy of the notice of the decision, as published in the Waterbury Republican-American on May 23, 1998, contained in the record. (ROR, Notices and Agendas: Items 3, 4.)
On June 2, 1998, this appeal was commenced by service of process on the chairman of the Waterbury zoning commission and upon the city clerk of the city of Waterbury. Therefore the court finds that this appeal was commenced in a timely fashion by service of process upon the proper parties.
 SCOPE OF REVIEW 
"The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." (Internal quotation marks omitted.)Frito-Lay, Inc. v. Plan Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988)."In adopting or amending zoning regulations, the commission acts in a legislative capacity." Arnold Bernhard Co. v.Planning Zoning Commission, 194 Conn. 152, 164, 479 A.2d 801 (1984). "Acting in such legislative capacity, the local board is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." (Internal quotation marks omitted.) Id.
"Although the position of the municipal land use agency is entitled to some deference; Roy v. Centennial Ins. Co., 171 Conn. 463, 473,370 A.2d 1011 (1976); the interpretation of provisions in the ordinance is nevertheless a question of law for the court. Robinson v. UnemploymentSecurity Board of Review, 181 Conn. 1, 6, 434 A.2d 293 (1980); Pascalev. Board of Zoning Appeals, 150 Conn. 113, 116-17, 186 A.2d 377 (1962). The court is not bound by the legal interpretation of the ordinance by the [commission] See Schwartz v. Planning Zoning Commission,208 Conn. 146, 152-53, 543 A.2d 1339 (1988). Rather, the court determines legislative intent from the language used in the regulations. Weigel v.Planning Zoning Commission, 160 Conn. 239, 246, 278 A.2d 766 (1971) `We interpret an enactment to find the expressed intent of the legislative body from the language it used to manifest that intent. . . .Zoning regulations, as they are in derogation of common law property rights, cannot be construed to include or exclude by implication what is not clearly within their express terms.' . . . Planning Zoning Commissionv. Gilbert, 208 Conn. 696, 705, 546 A.2d 823 (1988). The words used in zoning ordinances are to be interpreted according to their usual and natural meaning and the regulations should not be extended, by implication, beyond their expressed terms. Schwartz v. Planning ZoningCommission, supra, 153." Coppola v. Zoning Board of Appeals,23 Conn. App. 636, 640-41, 583 A.2d 650 (1990). CT Page 15304
 DISCUSSION
A. Mootness
"Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter [to be resolved]." Ayala v. Smith, 236 Conn. 89,93, 671 A.2d 345 (1996). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction. . . ."(Internal quotation marks omitted.) Cole v. Planning Zoning Commission, 40 Conn. App. 501, 505, 671 A.2d 844 (1996). "[W]here the question presented is purely academic, [the court] must refuse to entertain the appeal." (Internal quotation marks omitted.)DeRito v. Zoning Board of Appeals, 18 Conn. App. 99, 104, 556 A.2d 632
(1989). "The test for determining mootness of an [issue on] appeal is whether there is any practical relief this court can grant the appellant." (Internal quotation marks omitted.) Marine Midland Bank v.Ahern, 51 Conn. App. 790, 794, 724 A.2d 537, cert. granted in part,248 Conn. 921, 733 A.2d 845 (1999), appeal dismissed, 252 Conn. 151,745 A.2d 189 (2000)
The defendant zoning commission argues in its brief that the plaintiffs' appeal should be dismissed as moot. The defendant argues that because the moratorium remained in effect for a period of only one year, through May, 1999, this court will be unable to afford the equitable relief sought by the plaintiffs. Here, the plaintiffs seek to have this court reverse the defendant's approval of the moratorium, and, in the alternative, to direct the defendant to "confirm that the [plaintiff is] . . . not subject to the moratorium" pursuant to Connecticut law. (Appeal-Complaint, Prayer for Relief, ¶ 1.)
The issue as to whether the expiration of a moratorium deprives the court of a live controversy was addressed by our Supreme Court in Harlowv. Planning Zoning Commission, 194 Conn. 187, 479 A.2d 808 (1984). In Harlow, the court held that the expiration of a moratorium did not render the action moot because if it was found that the moratorium at issue was held to be inapplicable to the plaintiffs' site plan application, the plaintiffs "had a right to have their application considered on its merits apart from the moratorium." Id., 192.
Similarly, in Arnold Bernhard Co. v. Planning Zoning Commission, supra, 194 Conn. 152, the court held that "[a] judgment invalidating . . . [a] moratorium would therefore entitle the plaintiff to have its application considered in accordance with the zoning regulations that were in effect when the decision should have been made." Id., 158-59. The court then affirmed the trial court's decision that "the case was not CT Page 15305 moot." Id., 159.
The plaintiffs' claim in this action presents this court with a live controversy. If this court should determine that the moratorium is inapplicable to the plaintiffs' building permit application pursuant to General Statutes § 8-2h, the plaintiffs would have been entitled to the consideration of their application by the city pursuant to the zoning regulations in effect at the time the application was filed.
B. The moratorium does not apply to the plaintiff's application under § 8-2h
The issue of whether the moratorium, as approved by the defendant, applies retroactively to the plaintiffs' building permit application depends upon whether zoning moratoriums fall within the purview of General Statutes § 8-2h(b).[2] Section 8-2h(b) prohibits newly adopted zoning regulations from applying retroactively to any application for a building permit or a certificate of occupancy filed prior to such adoption.
The court was unable to find any cases that directly addressed whether zoning moratoriums fall under the authority of § 8-2h(b). In addressing this issue, therefore, this court must determine whether a zoning moratorium should be considered to be the same as a zoning regulation" so as to bring it within the scope of § 8-2h(b).
While not expressly authorized by statute, zoning moratoriums were deemed permissible under General Statutes § 8-2 in Arnold Bernhard Co. v. Planning Zoning Commission, supra, 194 Conn. 152. In that case, the court recognized that § 8-2 "delegates broad authority to municipalities to enact local zoning regulations." Id., 159. The court also compared the purpose and effect of zoning moratoriums to "interim" or "stop-gap" zoning regulations, "which seek to impose temporary controls on development pending the adoption or amendment of a comprehensive zoning plan." Id., 161. The court then acknowledged that "[i]n adopting or amending zoning regulations, the commission acts in a legislative capacity." Id., 164. The court concluded that zoning moratoriums fall within the purview of § 8-2 provided that such moratoriums are limited in time and in scope. Id., 163-65.
Accordingly, Arnold Bernhard Co v. Planning Zoning Commission, supra, 194 Conn. 152, supports a finding that would classify zoning moratoriums as zoning regulations under § 8-2. A moratorium is effectively an "interim" zoning regulation, and therefore the court finds that zoning moratoriums fall within the scope of § 8-2h. See also R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) CT Page 15306 § 19.5, pp. 413-14 ("[t]he effect of a moratorium is now limited by § 8-2h of the General Statutes which would prevent it from applying to zoning applications filed before it went into effect")
While decided prior to the enactment of § 8-2h, the court in Harlowv. Planning Zoning Commission, supra, 194 Conn. 187, held that a zoning moratorium, duly approved by the town of Westport, did not apply retroactively to a site plan approval application. Id., 194. In so holding, the court in Harlow looked to the plain language of the moratorium and noted that "it would have been simple enough for it to have stated expressly that the regulation was to apply to pending as well as to future applications." Id. The court concluded that "[i]n the absence of such express language, the interpretation of the regulation is governed by the general presumption that legislation is intended to operate prospectively." Id.
The moratorium in this action specifically provided that "[n]o application to commence construction, alteration or addition of any building, or excavation for any building, structure or use identified by . . . [Section] 2.35, Industrial of the Waterbury Zoning Ordinance . . .will be accepted or acted upon by the Bureau of Inspections." (Emphasis added.) (ROR, Notices and Agendas: Items 3, 4.) This language does not expressly state that the moratorium would be applied retroactively to include any applications filed prior to its approval. However, the phrase "or acted upon" creates some ambiguity.
In order to determine whether this phrase infers that the moratorium be applied retroactively, an examination as to the purpose of the moratorium is beneficial. The approved moratorium states that its "purpose . . . is to postpone the filing of applications or construction . . . for a limited time." (ROR, Notices and Agendas: Items 3, 4.) This purpose makes no mention as to whether the moratorium should be applied retroactively, nor does it compel such an inference. Additionally, it does not appear that there are any policy reasons why a moratorium should be allowed to be applied retroactively when zoning regulations cannot be pursuant to § 8-2h(b)
Accordingly, § 8-2h(b) is controlling and the moratorium at issue does not apply retroactively. The plaintiffs' building permit application should be considered by the city pursuant to the zoning regulations in effect at the time of the filing and not the moratorium that was approved subsequent to the filing of the plaintiffs' application.
C. The defendant possessed the authority to amend the proposed moratorium and then adopt the moratorium as amended 
CT Page 15307
In their prayer for relief, the plaintiffs also ask that this court vacate the approval of the moratorium on the ground that the defendant lacked authority to amend the moratorium from a three month moratorium to a one year moratorium without proper legal notice. In support of such prayer for relief, the plaintiffs assert in their brief that no legal notice was published so as to "`sufficiently apprise those who may be affected of the notice and character of the action proposed. . . .'" (Plaintiffs' Brief, p. 10, quoting R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice, supra, § 46.3, p. 417.)
In light of the fact that it has already been established that the moratorium does not apply to the plaintiffs' application, a finding by this court that the moratorium was unlawfully enacted would not afford the plaintiffs any additional relief. Plaintiffs conceded this point at oral argument. Additionally, the court finds based on the record that plaintiffs were present at the public hearing and were aware that an amendment was being considered and therefore had an opportunity to address this issue before the moratorium was approved. Finally, "[I]t is implicit in such a procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing. . . .Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken upon the subject matter referred to in the notice." Neuger v. Zoning Board of the City of Stamford, 145 Conn. 625,630 (1958). For these reasons, the court will not vacate the moratorium.
 CONCLUSION
The court sustains the plaintiffs' appeal in part. Consistent with Plaintiffs' prayer for relief, the court directs the Commission to confirm that the plaintiffs' application was not subject to the approved moratorium. The court does not, however, reverse the action of the Commission with respect to the approval of the moratorium and does not vacate the approval of the moratorium.
CHASE T. ROGERS SUPERIOR COURT JUDGE